RUSSO v. TEXAS & PAC. R. R. CO.

(December 1, 1930.   Opinion and Decree.)

Warren V. Miller, of New Orleans, attorney for plaintiff, appellant.

Spencer, Gidiere, Phelps & Dunbar, and John E. Fleury, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Mrs. Joseph Russo was run over by a passenger train of the Texas & Pacific Railway Company and died as a result of her injuries. Her husband brings this suit claiming damages in the sum of $37,920.

There was judgment below in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

The accident occurred in the town of Gretna at the crossing at Copernicus and Third streets and was witnessed by a number of bystanders, many of whom testified on the trial of the case. From the voluminous record we find the following facts:

On March 22, 1927, at about 5:15 p. m. when the defendant's passenger train was moving into the Gretna Station at about five or six miles per hour in plain view, and after having given all proper signals, plaintiff's wife, Marie Daigle Russo, with several other persons, attempted to cross the tracks in front of the on-coming locomotive at a crossing a short distance from the station, when she stumbled and fell and was run over by the engine, with the result that she lost both of her legs, dying the next day in the Charity Hospital to which institution she had been moved.

Her fall is alleged to have been due to improper maintenance of the crossing. She is said to have tripped by reason of a hole or depression in which her foot became entangled causing her to lose her balance. There is much testimony as to the extent of this depression, but it falls short of establishing that it was a serious menace to pedestrians. At least one of the witnesses to the accident testified that Mrs. Russo tripped on the outer curb of the sidewalk before reaching the roadway, and one or two others testified that her shoe was removed from her foot as she fell. But whatever caused her to fall and if the hole, or depression, was responsible and the railway company was negligent in failing to maintain a safe passage across the tracks, we are of opinion that Mrs. Russo was guilty of gross contributory negligence.

The unfortunate accident we believe to be due to Mrs. Russo's effort to cross in front of the passenger train when it was within a few feet of her under circumstances which would have deterred a prudent person in the exercise of ordinary care from undertaking to cross. Some of the witnesses testified that she ran across the track and others that she walked; but, whether she walked or ran, we are convinced that she saw the train and hurried across at a time when its nearness to her should have suggested to a person of ordinary prudence the danger of her undertaking.

It is said that but for her fall she would have safely negotiated the crossing, and the fact that others, who preceded her, had done so, is pointed to as evidence that she might also have succeeded. We are inclined to believe that she might have done so, but it is evident to our minds that her margin of safety was exceedingly small, and we are of opinion that persons who undertake to cross in front of moving trains are not relieved of the imputation of negligence by showing that a safe crossing was possible at the time it was undertaken. If Mrs. Russo had succeeded in getting across safely, her death would have been averted and this case would not have

arisen, but her actions would have been imprudent and careless. She would simply have succeeded in a dangerous undertaking.

It is argued that the engineer on defendant's train should have seen Mrs. Russo upon the track and stopped in time to have avoided the accident. In other words, that he had the last clear chance. When Mrs. Russo attempted to cross in front of the train, it was, one witness says, about 25 feet from her; others estimate the distance from her as 40 feet. We do not believe that the train could have been stopped in time to have avoided the accident. The engineer was in the right-hand cab of the locomotive, and Mrs. Russo approached from his left; consequently he did not see her because of the obstruction to his view by the forward portion of his engine. The fireman, who was seated in the left-hand cab, testified that he saw a number of persons crossing in front of the train, Mrs. Russo among them, but believed that they had successfully negotiated the crossing. Under the circumstances we are convinced that there was no opportunity of avoiding the accident and no realization of Mrs. Russo's peril by the train crew. The doctrine of the last clear chance consequently does not apply. Morin v. I. C. R. R. Co., 1 La. App. 727; Leopold v. Texas & Pacific R. R. Co., 144 La. 1000, 81 So. 602. This case is controlled by the well-established jurisprudence to the effect that one who is guilty of contributory negligence may not recover. Gibbons v. N. O. Terminal Co., 1 La. App. 371; Tucker v. I. C. R. R. Co., 141 La. 1096, 76 So. 212; Nolan v. I. C. R. R. Co., 145 La. 483, 82 So. 590.

For the reasons assigned the judgment appealed from is affirmed.