724 So.2d 255 (1998)
Lillian and Shalonda JOHNS
v.
Francisco JARAMILLO, M.D., et al.
Lillian Johns and Shalonda Johns
v.
Tulane University Medical Center, et al.
Nos. 98-CA-2507, 98-CA-2577.
Court of Appeal of Louisiana, Fourth Circuit.
November 25, 1998.
*256 Joseph W. Thomas, New Orleans, for Plaintiffs/Appellees Lillian and Shalonda Johns.
Stephen M. Pizzo, Blue Williams, L.L.P., Metairie, for Defendant/Appellant Francisco Jaramillo, M.D.
Gregory C. Weiss, Terese M. Bennett, Weiss & Eason, L.L.P., New Orleans, for Defendants/Appellants Naurang Agrawal, M.D. and Tulane University Medical Center.
Richard P. Ieyoub, Attorney General, Nell F. Vezina, J. Marc Vezina, Kathy E. Vernaci, Vezina and Gattuso, Special Assistant Attorney Generals, Gretna, for Defendants/Appellants Francisco Jaramillo, M.D. and the State of Louisiana.
Before SCHOTT, C.J., BYRNES and MURRAY, JJ.

ON MOTION TO STAY
MURRAY, Judge.
In this civil suit, Lillian and Shalonda Johns seek to recover damages for the wrongful death of their husband and father, Melvin Johns. They assert that Mr. Johns died on October 12, 1994 from renal cell carcinoma because these defendants, Dr. Francisco Jaramillo, Dr. Naurang Agrawal and Tulane University Medical Center, failed to recognize and treat a precancerous condition from 1987-1990.
The defendants filed exceptions of failure to join an indispensable party and of no right of action, as well as a motion for partial summary judgment. Although different arguments are raised by these pleadings, all rest upon the fact that on March 30, 1998, the plaintiffs were granted a $500,000 judgment in federal district court against the U.S. government based upon a finding that between 1968-94, physicians at the VA hospital failed to properly diagnose Mr. Johns' precancerous condition. The defendants contend that the Johns are not entitled to any further recovery, but the plaintiffs argue that they can recover interest and costs, both of which were precluded by federal law in the prior suit.
By oral judgment entered October 6, 1998 in this state court action, the exception of nonjoinder of an indispensable party was overruled, and the exception of no right of action and the motion for partial summary judgment were granted in part and denied in part. On defendants' motion and after contradictory hearing, on October 16th the trial court certified that these rulings represented "a final judgment for purposes of immediate appeal pursuant to La.Code of Civil Procedure Art.1915(B)(1)," but gave no reasons for this certification. At the same time, however, the district court expressly denied the defendants' motion to continue the trial, which was set for November 2, 1998. Both of these rulings were reduced to written judgments on October 19th.
The defendants subsequently sought a stay order from this court pending the disposition of their devolutive appeals. In reviewing these motions, we noted the trial court's failure *257 to provide "an express determination that there is no just reason for delay" of the appeals, as required for proper certification under Article 1915 B(1) of the Code of Civil Procedure. More importantly, we perceived an obvious inconsistency between the determinations that the appeals of the contested issues should go forward before the case is fully adjudicated, but that there was no need to delay trial on the merits pending resolution of the appeal. Accordingly, an order was issued sua sponte for the parties to show cause why these appeals should not be dismissed as improperly certified.
Subsequent to the issuance of the show cause order, trial on the merits was continued due to another ongoing trial. Also, the district court has now furnished written reasons for its certification, stating that "this Court has resolved that the partial judgments it has rendered involve purely legal issues which are res nova under this state's law," and that the remaining issues of liability, apportionment of fault, and damages (less a $500,000 credit) are unaffected.
In their brief regarding certification, the plaintiffs assert that the defendants' current appeals should be dismissed as improperly certified. They maintain that it is irrelevant that the issues to be decided are purely legal and/or res nova, because all the questions will be moot if the trial results in a damage award below $500,000. According to the plaintiffs, "[a]n advisory opinion ... on issues that may fall from the case after the trial on the merits should not be rendered."
Dr. Jaramillo contends that the certification was proper considering the factors long used in the federal courts and adopted by the Second Circuit in Banks v. State Farm Ins. Co., 30,868, p. 4 (La.App.2d Cir.3/5/98), 708 So.2d 523, 525; see also Berman v. DeChazal, 98-81, p. 4 (La.App. 5th Cir.5/27/98), 717 So.2d 658, 660 (adopting federal review standards for certification of partial appeal). This defendant notes that the trial court's judgment has narrowed the issues for trial, and that, if this court rules in defendants' favor before the scheduled trial date in June 1999, there will be no need for a trial at all. Finally, Dr. Jaramillo asserts that regardless of the outcome of the appeal, there would be no necessity for a second review of the same issues by this court.[1]
As both the Second and Fifth Circuits have noted, the 1997 amendment to Article 1915, permitting immediate appeals in some cases where none was previously allowed, has created some difficulties for both litigants and the courts. Banks at 1, 708 So.2d at 524; Berman at 2-3, 717 So.2d at 660. For the reasons outlined in these cases, we agree that the Legislature intended to provide a procedure for partial judgments similar to that used in federal civil suits, and that a trial court's decision to certify a judgment as appealable should thus rest upon a case-by-case consideration, including those factors set forth in Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir.1975). Furthermore, because of the specific language used in the statute, we agree with the Second Circuit's holding that a proper certification requires specific written reasons for the trial court's determination that an immediate appeal is warranted. If the certification is found to be an abuse of the court's discretion, the appeal will be dismissed.
Applying these precepts to this case, we find no error in the certification of this partial judgment as final. The issues adjudicatedwhether the plaintiffs have a legal right to any recovery from these defendantsare the foundation for the remaining issues concerning fault and quantum. Although, as the plaintiffs point out, the need for an appellate decision could be moot if the trial results in a verdict adverse to them, there also appears to be little likelihood that the legal issues now raised would have to be revisited in an appeal after trial. Finally, if this court finds in favor of the defendants, the considerable time and expense of a medical malpractice trial can be avoided altogether. It thus appears that permitting the current *258 appeal on the decisive legal issues of the case will serve the interests of justice, rather than contribute to the "intolerable problems of multiple appeals and piecemeal litigation" denounced in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 (La.1993). Therefore, we maintain the appeal as properly certified by the trial court under Article 1915 B(1).[2]
APPEAL MAINTAINED.
NOTES
[1] In a third brief submitted on behalf of all defendants, it is argued that this matter was properly certified as final because there are no triable issues remaining in the case, only "apparent attempts to create issues by judicial fiat." Because this submission addresses the merits of the appeal, rather than the procedural issue of certification, it is not considered here.
[2] Because the question is not presented here, we express no opinion concerning Article 1915 B(1)'s provision for certification by the parties.