LEON A. CANNIZZARO, JR., Judge.
LThe plaintiff, Shawn O’Brien Robert (“Mrs. Robert”), appeals a trial court judgment rendered in favor of the defendant, Andre James Robert (“Mr. Robert”), classifying the partnership distributions received by Mr. Robert from Johnson Rice <& *224 Company, L.L.C. (“Johnson Rice”)[1] as his separate property pursuant to his declaration of separateness.
FACTS AND PROCEDURAL HISTORY
Mr. and Mrs. Robert were married on May 5, 1990. Two days before their wedding, on May 3, 1990, Mr. Robert executed and registered a declaration pursuant to Louisiana Civil Code article 2339, reserving as separate the civil fruits of his para-phernal (separate) property. Mrs. Robert was unaware of Mr. Robert’s declaration of separateness. After 11 years of marriage, on May 7, 2001, Mrs. | ^Robert filed a petition for divorce in: Civil District Court for the Parish of Orleans. She later petitioned the court for a partition of the community property and learned for the first time that Mr. Robert had executed and recorded the declaration of separateness. The parties were divorced by judgment signed on February 26, 2002, and the community regime was terminated as of May 7, 2001.
As a stockbroker at Johnson Rice, Mr. Robert earned commissions on stocks that he sold to the firm’s clients and also received annual profit distributions based on his partnership/membership interest[2] in the firm. The parties agreed that all commissions earned by Mr. Robert during their 11 years of marriage, which totaled $8,884,351.00, were community assets. However, they disagreed as to whether the total profit distributions of $4,851,254.00 that were paid to Mr. Robert during the marriage were community or separate property. Mrs. Robert contends that the annual profit distributions are community assets because they are the result of Mr. Robert’s skill, labor and industry. Mr. Robert, on the other hand, refers to the distributions as “equity” distributions and contends they are his separate property because they were paid in proportion to his ownership (membership) interest in the firm, i.e. civil fruits as defined by La. C.C. art. 551[3] that he properly reserved as his separate property pursuant to La. C.C. art. 2339. He further claims that he expended $2,937,820.00 of the total profit distributions on satisfying 13community obligations and seeks reimbursement from Mrs. Robert for one-half of that amount or $1,468,910.00.
The parties agreed to a separate trial limited solely to the initial classification of the partnership/membership profit distri- *225 buttons that Mr. Robert received during the community regime. At trial, the attorneys presented their arguments and, in lieu of live testimony, introduced into evidence the parties’ depositions as well as the depositions from their respective expert witnesses and numerous exhibits. The trial court subsequently rendered a judgment holding that the annual profit distributions received by Mr. Robert for the period May 5, 1990, through May 7, 2001, from Johnson Rice were his separate property pursuant to his properly recorded declaration of separateness.
Mrs. Robert filed a motion to certify the judgment as a final judgment pursuant to La. C.C.P.1915 B(l)[4], which Mr. Robert opposed. After a contradictory hearing, the trial court designated the judgment as a final judgment but gave no express determination that there was no just reason to delay the appeal.
DISCUSSION
The Louisiana Supreme Court has held that the trial court’s failure to state the reasons why there is no just reason for delay does not require dismissal of an |4appeal of a judgment that has been certified as final under La. C.C.P. art. 1915. R.J. Messinger, Inc. v. Rosenblum, 04-OC-1664, p. 14 (La.3/2/05), 894 So.2d 1113, 1122. Rather, the Court has held that when, as here, the trial court has certified a partial judgment under La. C.C. P. art. 1915 B(1) as final without giving express reasons why there is no just reason to delay the appeal, the appellate court should make a de novo determination of whether certification was proper. Id.
Louisiana jurisprudence sets forth five factors that an appellate Court should consider in determining whether no just reason for delay exists under La. C.C.P. art. 1915:
1) The relationship between the adjudicated and unadjudicated claims;
2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
4) The presence or absence of a claim or counterclaim which could result in a setoff against the judgment sought to be made final; and
5) Miscellaneous factors such as delay, economic and insolvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Banks v. State Farm Ins. Co., 30,868, p. 4 (La.App. 2 Cir. 3/5/98), 708 So.2d 523, 525; Johns v. Jaramillo, 1998-2507, p. 3-4 (La. App. 4 Cir. 11/25/98), 724 So.2d 255, 257.
Considering the aforementioned factors, we find the trial court erred in certifying this partial judgment as final. The issue adjudicated -whether the annual distributions received by Mr. Robert during the community regime are separate or community property, is just one among several issues to be resolved in partitioning |sthe community property between the parties. Although the trial court determined that the annual distributions at issue were separate property, an affirmation or reversal, *226 in whole or in part, of that judgment by this court would not terminate the partition litigation and the matter would have to be remanded for further proceedings. In the event of a remand, it is likely that this court will consider the same issue in a subsequent appeal.
Notably, the trial court certified the partial judgment as a final judgment, despite the fact that the trial judge expressly declined, albeit at the parties’ request, to consider the issue of commingling of the annual distributions.
The law is well settled that where separate and community funds are commingled to the extent that the separate funds cannot be identified or differentiated from the community funds, all the funds are characterized as community funds. Curtis v. Curtis, 403 So.2d 56 (La.1981). In the instant case, although Mr. Robert had the burden of proving the annual distributions were his separate property, his own testimony indicates that the funds he claims as separate were commingled to some extent with community funds.
To fully consider the issue of commingling, which is indispensable in determining the final classification of the property in dispute, both parties must be allowed to put forth evidence on that issue. In light of the above-stated law and the fact that Mr. Robert’s testimony touched on the issue, it was legal error for the trial court to determine the separate characterization of the property without having fully considered the issue of commingling. Moreover, it would be legal error for this court to approve the certification of the instant judgment as final absent full consideration at the trial court level of an issue' that legally must be addressed in order to finally determine the nature of these distributions as separate or | ^community. In both instances, such legal error cannot be cured by the parties’ mutual agreement to the procedure.
Absent certification as a final judgment, the trial court may or may not revisit its determination of these distributions as separate property once it has fully considered the issue of commingling during trial of the remainder of the case. Under the circumstances, we find that the failure to consider that issue provides a “just reason” for delay of this appeal until the entire case has been resolved in the trial court.
CONCLUSION
Accordingly, the trial court’s certification of the partial judgment as a final judgment pursuant to La.C.C. P. art. 1915 B(l) is revoked, the appeal is dismissed and the matter is remanded to the trial court for further proceedings.
APPEAL DISMISSED AND REMANDED.

. Johnson Rice & Company, an investment securities brokerage firm, was formed as a partnership in 1987. At that time, Mr. Robert, a registered stockbroker, made a capital contribution of $69,704.00 to acquire a 5% ownership interest in the partnership. In January 1994, the partners reorganized, executing an operating agreement creating Johnson Rice & Company, L.L.C., a limited liability corporation. Pursuant to the agreement, Mr. Robert exchanged his partnership interest in the predecessor firm for a membership interest in the new limited liability corporation. As of May 5, 1990, the date of his marriage to Shawn O’Brien, he owned a 7.505% partnership interest in Johnson Rice and the balance in his Johnson Rice capital account was $172,303.00. During the parties' marriage, Mr. Robert's capital account balance increased by $842,344.00, and at the termination of the community in May 2001, his ownership interest was approximately 14.8306%.

. Pursuant to the Johnson Rice Operating Agreement, a "Unit” represents a member’s membership interest or percentage of ownership in the firm. A total of 100 Units constitutes all membership interests in the firm. A member of the firm may hold a fractional part of a Unit.

. La. C.C. art. 551 provides, in pertinent part, "[cjivil fruits are revenues derived from a thing by operation of law or by reason of a juridical act, such as rentals, interest, and certain corporate distributions.”

. La. C.C.P. art. 1915 B(l) provides:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.