MAX N. TOBIAS, JR., Judge.
_JjThe plaintiff/appellant, Dana Johno, has filed the instant appeal from a partial summary judgment rendered in favor of defendant/appellee, Hard Rock Construction Co., LLC. (“Hard Rock”). This is not the first time this case has been before the court, albeit concerning a different issue. See Johno v. Doe, 15-0737 (La.App. 4 Cir. 3/9/16), 187 So.3d 581, writ den., 16-0777 (La.6/17/16), 192 So.3d 769. After a review of the record and the applicable law, we find jurisdictional issues prevent us from deciding this matter, and, therefore, the appeal is dismissed.
The basic facts are not in dispute. Mr. Johno owned a house located at 183 Foster Lane in Buras, Louisiana for about thirty years. He alleges that he had remodeled the house and was to have it rented on 1 September 2005. Unfortunately, Hurricane Katrina caused massive flooding in Plaquemines Parish. When Mr. Johno returned in October 2005, he found that the house had floated off its piers and had come to rest on the lot of an adjacent trailer park located at 220 Perry Lane; apparently the house was virtually intact. Mr. Johno contends that the |2house did not block the street or pose any threat to public safety. Before leaving his house, he placed signs on the windows of the house stating “DO NOT DEMOLISH,” along with his current contact information. In *1217 early 2006, Mr. Johno returned to Perry Lane and found that the entirety of the street had been cleared, including his house. Mr. Johno did not receive any notice of plans to demolish his house.
Following ' the hurricane, the Plaque-mines Parish Government (“PPG”) formulated a plan for demolition of property and debris removal. The Demolitions Operations Plan (the “Plan”) was created. The Plan provided that: [a] right-of-entry form would be obtained from each property owner necessary to access and remove a structure when that structure was no longer at its original site. PPG - obtained a right-of-entry form from the owner of the Perry Lane property, but. not .from Mr. Johno.
In order to carry out the Plan, PPG contracted with Leon Duplessis & Sons, Inc. (“Duplessis”). In turn, Duplessis subcontracted with Hard Rock, which in turn subcontracted part of the work to Pro Tree Service and Demolition (“Pro Tree”). It was Pro Tree that cleared Perry Lane, including the house owned by Mr. Johno.
This lawsuit was originally filed on 29 December 2006 against a number of parties. Hard Rock was added by way of an amended petition on 6 March 2010. On 1 July 2014, Mr. Johno settled with Duples-sis, The Hanover Insurance Company, PPG, Benny Rousselle (then president of Plaquemines Parish), and Ken|sDugas (the chief engineer -for the parish). All rights against Hard Rock and Pro Tree were reserved.
Mr. Johno argues that his damages for the demolition of the house are the cost of rebuilding it. On 30 June 2015, Hard Rock filed a motion for partial summary judgment, arguing that legally, Mr. Joh-no’s damages are limited to the appraised value of the house at the time it was demolished. Hard Rock’s motion was granted by the trial court on . 25 August 2015. A motion for new trial filed by Mr. Johno on 28 August 2015 was subsequently denied on 28 October 2015. This appeal by Mr. Johno followed.[1]
The first jurisdictional issue is that the judgment from which Mr. Johno appeals is no't a final judgment subject to an appeal. La. C.C.P. art. 1915 B(l) provides:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. [Emphasis supplied.]
In M.R. Pittman Group, L.L.C. v. Plaquemines Parish Government, 15-0860, pp. 3-4 (La.App. 4 Cir. 12/2/15), 182 So.3d 312, 316-17, we stated:
Before we examine the merits of the summary judgment in favor of Pittman, we must address the appealability of the partial summary judgment itself. The judgment dismissed Plaquemines Parish’s tort claim for | ¿damage to the wing wall with prejudice. That tort claim was only one of the claims asserted in Pittman’s reconventional demand; the judgment left untouched Plaquemines Parish’s contractual claims brought by way of reconventional demand against Pittman. See La. C.C.P. art. 966 E (“A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more' parties, even *1218 though the granting of summary judgment does not dispose of the entire case as to that party or parties.”).
While such a judgment might qualify as a partial final judgment under Article 1915 B(l) of the Louisiana Code of Civil Procedure, it would.need such a designation by the trial judge, in order for a party to have an appeal of right. See Lalla v. Calamar, N.V., 08-0952, pp. 5-6 (La.App. 4 Cir. 2/11/09), 5 So.3d 927, 931. But this judgment did not receive the requisite jurisdictional designation by the trial judge, We thus treat it as an interlocutory judgment, and not a partial final judgment. An interlocutory judgment is not appealable unless expressly provided by law. See La. C.C.P. art, 2083 C; Lalla, 08-0952, p. 6, 5 So.3d at 931. And we cannot determine the merits of an appeal until our jurisdiction is properly invoked by a valid appealable judgment. See Delta Staff Leasing, LLC v. South Coast Solar, LLC, 14-1328, p. 1 (La.App. 4 Cir. 9/23/15), 176 So.3d 668.
The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ. See LaC.C.P, art, 2083; In re Succession of Scheuermann, 15-0041, p. 13 (La.App. 4 Cir. 5/22/15), 171 So.3d 975, 983 (“Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can-when appropriate-convert the improper appeal to such an application.” La, Const. Art. V, § 10(A) provides that a court of appeal has “supervisory jurisdiction over cases which arise within its circuit.” See Francois v. Gibeault, ■ 10-0180, 10-0181, p. 2 (La.App. 4 Cir. 8/25/10),-47 So.3d 998,1000.
Here, the judgment' in question does not contain the appropriate designation in order for it to be considered a final judgment.
|fiThe second jurisdictional issue is whether we can convert this appeal into a writ application as the court did in M.R. Pittman Group. The partial summary judgment is dated 26 August 2015, While Mr. Johno filed ■ a motion for new trial within thirty dayé of the August judgment, an interlocutory judgment is not subject to a motion for new trial. We encountered the same issue in Carter v. Rhea, 01-0234, p. 5 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025:
In the instant case, the judgment at issue is . a - non-final partial summary judgment, not appealable under the provisions of La. C.C.P. art. 1915. Thus, the filing of a motion for new trial seeking reconsideration of an ihterlocutory judgment cannot interrupt the 30-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules-Courts of Appeal. However, the provisions of the Louisiana Code of Civil. Procedure are clear that motions for new trial may be taken only from a final judgment.
See also Condon v. Logan, 15-0797, p. 8 (La.App. 4 Cir. 3/30/16), 190 So.3d 778, 784; Magallanes v. Norfolk S. Ry. Co., 09-0605, p. 3 (La.App. 4 Cir. 10/14/09), 23 So.3d 985, 988. Because the appeal was not filed within thirty days from the date of the subject judgment, we cannot convert this appeal into a writ application.[2]
*1219 Accordingly, we have no jurisdiction in this matter until a final judgment has been rendered in this case. The appeal of Mr. Johno is, therefore, dismissed.

APPEAL DISMISSED.

. The notice of a suspensive appeal was filed on 4 November 2015.

. Pursuant to the Uniform Rules-Courts of Appeal, Rule 4-3, the return date in which to file a civil writ application is set by the trial court which shall not exceed 30 days from the date of the ruling (or written judgment is the interlocutory ruling is to be reduced to writing). Here, the date of the interlocutory judgment is 25 August 2015 and, unless granted an extension of time by the trial court or appellate court, the writ application, or in this case, appeal, had to be filed by 24 September 2015. The notice of appeal was filed on 4 *1219 November 2015. Thus, as á writ, it would be untimely.