JUDGE SANDRA CABRINA JENKINS
| iThis is an appeal from the trial court’s October 6, 2015 judgment granting the Motion for Partial Summary Judgment filed by appellee, Evanston Insurance Company,' f/k/a Alterra Excess and Surplus Insurance Company, f/k/a Max Specialty Insurance Company (“Evanston”), and dismissing the claim for bad faith penalties under La. R.S. 22:1973 brought by appellant, Dupuy Storage and Forwarding, LLC (“Dupuy”), which was Evanston’s insured under a commercial general liability policy.
*340 For the reasons that follow, we conclude that this partial summary judgment should not be certified as a final, appealable judgment, and we dismiss Dupuy’s appeal. We also decline to exercise our supervisory jurisdiction in this matter. LA. CONST, art. V, § 10(A); La. Code Civ. P. art. 2201.
FACTUAL AND PROCEDURAL HISTORY
Dupuy is a general commodities warehousing company which offers services such as storage, loading and unloading, coffee and tea processing, and trucking. During the period July 1, 2009 through July Í, 2010, Dupuy carried a | .¿commercial general liability insurance policy (the “CGL Policy”) issued by Evanston with policy limits of $1,000,000 . per occurrence.
Dupuy also had a commercial umbrella liability insurance policy (the “Excess Policy”) issued by AIG Specialty Insurance Company (“ASIC”), with policy limits of $4,000,000 in excess of Evanston’s $1,000,000 policy limits. Under the Excess Policy, if the insured (Dupuy) has rights to recover all or part of any payment made by ASIC under the Excess Policy, those rights are transferred to ASIC.
On February 3, 2010, during the policy period, Danilo Sabillon was seriously injured while delivering cargo to Dupuy’s warehouse. Thereafter, by letter dated February 11, 2010, Dupuy was advised of Mr. Sabillon’s personal injury claim and told to notify its insurer. Evanston was promptly notified, and on February 23, 2010, Evanston told Dupuy that it had “commenced appropriate investigation.” On February 2, 2011, Mr. Sabillon filed a lawsuit against Evanston and Dupuy in the Civil District Court for the Parish of Orleans. Evanston hired McCaleb Bilbro of the Javier Law Firm to represent Dupuy’s interests in the Sabillon suit. By letter dated February 16, 2011, Evanston advised Dupuy that, although it was undertaking Dupuy’s defense, it was reserving its right to deny coverage based on certain policy exclusions.
On October 15, 2012, a jury trial commenced on Mr. Sabillon’s claims against Evanston and Dupuy. On October 18, 2012, at the conclusion of the trial, the jury awarded Mr. Sabillon $4,661,333, finding that Dupuy was 100% at fault. In January 2013, Evanston, on behalf of its insured, Dupuy, paid Mr. Sabillon the |,<¡$1,000,000 limits on the CGL Policy.[1] ASIC, on behalf of its insured, Dupuy, paid Mr. Sabillon the remaining $3,661,333 balance of the judgment due under its Excess Policy.
In July 2013, Dupuy filed suit in the Civil District Court for the Parish of Orleans against Evanston, its attorney Mr. Bilbro, the Javier Law Firm, and the law firm’s malpractice insurer, Continental Casualty Company (“CNA”), arising from the handling of the Sabillon claim. Dupuy alleged that Evanston: (1) failed to promptly and adequately initiate the loss adjustment; (2) failed to retain competent and independent counsel to defend Dupuy; (3) failed to adequately communicate with and defend Dupuy; (4) failed to settle within its policy limits to avoid an excess judgment; and (5) subjected Dupuy to an excess judgment. Dupuy sought bad faith penalties against Evanston under La. R.S. 22:1973 in the amount of two times the excess judgment rendered against Dupuy.[2] Dupuy *341 also sought damages and penalties from Evanston based on the future increased cost of primary and excess insurance premiums. Dupuy also asserted legal malpractice claims against Mr. Bilbro, the Javier Law Firm, and |4CNA for failing to adequately defend Dupuy in the Sabillon suit, and subjecting Dupuy to a judgment in excess of Evanston’s policy limits.
On October 7, 2013, Evanston also filed a suit in the Civil District Court asserting legal malpractice claims against Mr. Bil-bro, the Javier Law Firm, and CNA in connection with the handling of the Sabil-lon lawsuit. Dupuy’s lawsuit and Evans-ton’s lawsuit were consolidated on June 5, 2014.
On December 12, 2014, ASIC filed a Petition in Intervention in the consolidated suits in which it sued Evanston to recover the amount that it paid to Mr. Sabillon under the Excess Policy because of Evans-ton’s bad faith defense and failure to settle. ASIC alleged, inter alia, that Evans-ton failed to advise Dupuy of its right to separate independent counsel, misrepresented to Mr. Sabillon that Dupuy did not have excess insurance coverage, and wrongly rejected Mr. Sabillon’s settlement offer when it knew that the claims could exceed Evanston’s policy limits. ASIC contended that, because it paid the excess portion of the Sabillon judgment which resulted from Evanston’s bad faith insurance practices, it was subrogated to the rights of Dupuy to seek recovery of the amounts that ASIC paid to satisfy the judgment.
On August 10, 2015, Evanston filed a Motion for Partial Summary Judgment seeking dismissal of Dupuy’s claim for bad faith penalties based on twice the $3,661,133 excess judgment under La. R.S. 22:1973. On October 6, 2015, the trial court signed a judgment granting Evanston’s Motion for Partial Summary Judgment, and dismissing Dupuy’s claim under La. R.S. 22:1973 for penalties of twice the excess judgment. The trial court stated that, because Dupuy did not pay any part of the Sabillon judgment, it did not sustain a loss, and “[could] not use a fictitious measure of damages to create a punitive damage claim.” Dupuy timely filed a Petition for Appeal, which the trial court signed on October 22, 2015.
J^DISCUSSION
Certification of a Non-Final 'Judgment Under La. Code Civ. P. art. 1915(B)(1)
We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a final judgment. Tomlinson v. Landmark Am. Ins. Co., 15-0276, p. 2 (La.App. 4 Cir. 3/23/16), 192 So.3d 153, 156. Here, Dupuy is appealing the trial court’s judgment granting Evanston’s Motion for Partial Sumriiary Judgment, and dismissing Dupuy’s claim for bad faith penalties under La. R.S. 22:1973 based on twice the amount of the 'excess judgment.
La. Code Civ. P. aft. 1915(B) provides:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an *342 express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Thus, a partial summary judgment is not a final, appealable judgment where it is not designated as a final judgment under Article 1915(B)(1). Johno v. Doe, 16-0200, p. 4 (La.App. 4 Cir. 8/17/16), 198 So.3d 1216, 1218-19, 2016 WL 4395059, *3.
In this case, the trial court’s judgment stated as follows: “Upon finding that there is no just reason for delay, the Court hereby certifies and designates this Judgment as final appealable.” The trial court, however, did not give explicit reasons on the record as to why there was no just reason for delay.
The Louisiana Supreme Court has declared that, “[i]n order to assist the appellate court in its review of designated final judgments, the trial court should Ifigive explicit reasons, either oral or written, for its determination that there is no just reason for delay.” R.J. Messinger, Inc. v. Rosenblum, 04-1664, p. 13 (La. 3/2/05), 894 So.2d 1113, 1122. If the trial court fails to do so, however, the appellate court cannot summarily dismiss the appeal. Id. If no reasons are given, but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper. Id., 04-1664 at pp. 13-14, 894 So.2d at 1122.[3]
 This court, in conducting its de novo review, may use the following nonek-clusive factors when deciding whether a partial judgment should be certified as appealable:
1) The relationship between the adjudicated and unadjudicated claims;
2) The possibility that the need for review might or might not be mooted by' future developments in the trial court;
3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Id., 04-1664 at p. 14, 894 So.2d at 1122 (citation omitted). The overriding inquiry for us, however, is “whether there is no just reason for delay.” Id., 04-1664 at pp. 14, 894 So.2d at 1122-23.
Addressing the relationship between the adjudicated and unadjudicated claims, we note that the following claims have been adjudicated: (1) Dupuy’s claim against Evanston for bad faith penalties under La, R.S. 22:1973 based on twice the excess judgment in Sabillon (which is the subject of this appeal); and (2) Dupuy’s claims against Evanston for penalties and attorney’s fees under La. R.S. |722:1892, and for attorney’s fees under La. R.S. 1973 due to Evanston’s mishandling of the Sa-billon claim (which were the subject'of a previously denied writ application).[4]
*343 The following claims have not been adjudicated: (1) Dupuy’s claims against Evans-ton for damages and bad faith penalties based on the increased cost of future insurance premiums resulting from the Sa-billon verdict; (2) ASIC’s claim in intervention against Evanston to recover amounts that it paid under the Excess Policy based on Evanston’s bad faith failure to defend and settle Sabillon; (3) Dupuy’s legal malpractice claims against Mr. Bilbro, the Javier Law Firm, and CNA arising from the Sabillon lawsuit; and (4) Evanston’s legal malpractice, claims against Mr. Bil-bro, the Javier Law Firm, and CNA also arising from the Sabillon suit.
As for the first factor, we note that the claims that have been adjudicated and those that have not been adjudicated involve the same set of operative facts, which relate to the primary insurer’s and its attorney’s mishandling of the underlying Sabillon lawsuit, -including the failure to investigate the Sabillon claim, failure to competently defend against the lawsuit, and failure to settle within the CGL Policy limits. All of these interrelated facts depend on each other for common resolution, and should not be separated on appeal.
With respect to the second factor, we note that La. Code Civ. P. art. 1915(B)(2) permits the trial court to révise its ruling on the Motion for Partial Summary Judgment at any time prior to a final judgment, which would thereby render moot the need for an immediate appeal of the partial judgment.
|8As for the third factor, we note that the sole issue to be addressed by this appeal is whether the trial court erred in finding that Dupuy was not entitled to assert a claim for bad faith penalties of twice the excess judgment under La. R.S. 22:1973. On review, whether we affirm or reverse the summary judgment, any ruling by this court would not end the litigation, but would only result in the matter being remanded to the trial court for resolution of the. parties’ remaining claims at trial. See Robert v. Robert, 04-1127, p. 5 (La.App. 4 Cir. 6/28/06), 936 So.2d 223, 225-26. And in the event of a remand, it is likely that this court will consider the same issue in a subsequent appeal.
Finally,, we find that judicial resources would be wasted by appellate review of the partial summary judgment at this time, considering the probability of a later appeal after adjudication of the parties’ remaining claims. An immediate determination of whether Dupuy has a cause of action for bad faith penalties based on twice the excess judgment will not significantly shorten the length of the trial, narrow the scope of evidence to be adduced at trial,- or decrease the costs of litigation because the parties still will have to put on evidence of bad faith defense and settlement practices in the Sabillon lawsuit when litigating Dupuy’s remaining claims against Evanston, and ASIC’s claims in intervention against Evanston based on its subrogation rights.
In sum, based on our de novo review of the record and applying the factors set forth in Messinger, we find that reversal of the judgment in this case, which granted a motion for partial summary judgment on a single claim, will not foreclose the possibility that this court will have to consider this same issue again after a trial on the merits. In addition, because the trial court could revise-its ruling on the Motion for Partial Summary Judgment at any time prior to final .judgment |apursuant to La. Code Civ. P. art. 1915(B)(2), the need for this appeal may be rendered moot. We also find that judicial resources would be wasted by appellate review of the partial summary judgment at this time, considering the probability of a later appeal after the adjudication of the remaining claims. *344 Thus, we conclude that there are just reasons for delay, and that the partial judgment should not be certified as a final, appealable judgment. Accordingly, we dismiss Dupuy’s appeal for lack of appellate jurisdiction.
Conversion of Appeal to Writ Application
“ ‘A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court.” Favrot v. Favrot, 10-0986, p. 5 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104 (citation omitted). Thus, we have the discretion to consider this partial judgment under our supervisory authority. Id., 10-0986 at pp. 5-6, 68 So.3d at 1104. “Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can — when appropriate — convert the improper appeal to such an application.” Succession of Scheuermann, 15-0041, p. 13 (La.App. 4 Cir. 5/22/15, 171 So.3d 975, 983 (internal footnote omitted). One important criterion that we use in guiding our discretion is whether or not exercising our supervisory jurisdiction is dictated under the factors set forth in Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).[5] Id. And the primary consideration under Herlitz is whether review and decision by us would result in a final Indisposition of all issues in this case. Scheuermann, 15-0041 at p. 14, 171 So.3d at 983.
After the partial judgment, all of the parties still remain in this litigation. Dupuy, Evanston, and ASIC have pending claims that will be adjudicated at trial. Because the partial summary judgment, whether affirmed or reversed at this point in the litigation, would not result in the termination of this litigation, in addition to our reasons for finding that there is just reason for delay in considering the merits of the judgment, we decline to convert the appeal to an application for supervisory review. Id.
CONCLUSION
Based upon our de novo review of the record, we find that allowing an immediate appeal of this partial judgment would only encourage multiple appeals and piecemeal litigation, causing delay and judicial inefficiency. Because Dupuy’s appeal from the partial summary judgment was improperly designated as a final appealable judgment, Dupuy does not have a right to appeal the judgment. Accordingly, we dismiss the appeal. We also decline to convert the appeal to an application for supervisory review. La. Const, art. V, § 10(A); La. Code Civ. P. art. 2201.
APPEAL DISMISSED

. Evanston also paid Mr. Sabillon $95,857.97 in costs and $123,813.18 in interest.

. Dupuy also sought penalties under La. R.S. 22:1892, and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. On August 19, 2015, Evanston filed a Motion for Partial Summary Judgment seeking dismissal of these claims. On October 13, 2015, the trial court signed a judgment granting in part and denying in part Evanston’s Motion for Partial *341 Summary Judgment. On October 6, 2015, Ev-anston filed a Notice of Intention to Apply for Supervisory Writs. On December 2, 2015, this court denied Evanston’s writ application. Dupuy Storage and Forwarding, L.L.C. v. Max Specialty Ins. Co., 15-1185 (La.App. 4 Cir. 12/2/15) (unpub.).

. If the trial court provides explicit reasons for its determination, appellate courts review the certification under the abuse of discretion standard. Id., 04-1664 at p. 13, 894 So.2d at 1122.

. See footnote 2, supra. Those claims may be subject to an appeal after a final judgment.

. Under Herlitz, the appellate court should . review the merits of an application for supervisory writs when: (1) there is no dispute of material fact; (2) the ruling of the trial court appears incorrect; and (3) a reversal would terminate the litigation. Whitney Nat’l Bank v. Rockwell, 94-3049, p. 6 (La. 10/16/95), 661 So.2d 1325, 1329 n. 3. None of these factors are satisfied here.