# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-241

**KELLY DOUCET, MICHAEL CEASAR AND BRITTANY LACOMBE**

**VERSUS**

**HORNET SERVICE COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

SUPERVISORY WRIT FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-010714
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, John E. Conery, and Van H. Kyzar, Judges.

**WRIT DENIED.**

**Kenneth Alfred Doggett**
**Attorney at Law**
**P.O. Box 13498**
**Alexandria, LA 71315-3498**
**(318) 487-4251**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
**Kelly Doucet**
**Brittany LaCombe**

**Michael J. Remondet, Jr.**
**Juliette Busby Wade**
**Jeansonne & Remondet**
**P.O Box 91530**
**Lafayette, LA 70509**
**(337) 237-4370**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
**Colony Insurance Company**
**Kenneth DeMary**
**Hornet Service Company**

**Patrick Daniel**
**Rachel Martin Deckelmann**
**Daniel & Associates**
**7941 Katy Freeway, Box 791**
**Houston, TX 77024**
**(713) 589-3539**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
**Michael Ceasar**

**SAUNDERS, Judge.**

Relator, Michael Ceasar, seeks supervisory writs from the judgment of the Thirty-First Judicial District Court, Parish of Jefferson Davis, the Honorable C. Steve Gunnel, presiding, which denied Relator's motion for reduction of estimated appeal costs.

## STATEMENT OF THE CASE

This case arises out of an automobile accident which occurred on March 5, 2013, in a parking lot at a pawn shop in Jennings, Louisiana. Relator and his co-plaintiffs, Kelly Doucet ("Doucet") and Brittany Lacombe ("Lacombe"), filed the instant personal injury lawsuit against Kenneth DeMary ("DeMary"); his employer, Hornet Service Company, L.L.C. ("Hornet"); and Hornet's insurer, Colony Insurance Company. At the time of the accident, Relator was a passenger in a vehicle being driven by Doucet when that vehicle collided with a vehicle that DeMary was driving and backing out of a parking space. Relator's claims were tried by a jury on August 20-24, 2018. Simultaneous with Relator's jury trial, a joint bench trial was held for the claims of Doucet and Lacombe. With regard to the jury trial of Relator's claims, the jury returned a verdict finding no negligence on the part of either driver and awarding no damages to Relator. With regard to the bench trial of the claims of Doucet and Lacombe, the trial judge found: 1) that the two drivers (Doucet and DeMary) were each 50 percent at fault for the accident; 2) that Doucet and Lacombe had not suffered any damages as a result of the accident; and 3) that DeMary was not acting within the course and scope of his employment at the time of the accident.

Relator filed several post-trial motions, including a motion for judgment notwithstanding the verdict, motion for new trial, and motion to vacate judgment. The trial court denied those motions. Also, Defendants filed a motion to tax costs

pursuant to La.Code Civ.P. art. 970. Additionally, Defendants filed a motion to traverse Relator's pauper status on the ground that Relator had abused the integrity of the judicial process with excessive frivolous pleadings which had resulted in excessive court costs and defense costs. The trial court granted that motion to traverse, and Relator's pauper status was revoked. Doucet and Lacombe retained their pauper status. Relator filed a motion for reconsideration of the ruling revoking his pauper status and that matter was scheduled to be heard on April 9, 2019. However, on April 8, 2019, Relator withdrew his motion for reconsideration.

Meanwhile, with regard to the final judgments which had been rendered on the merits of the case, Relator filed a motion for appeal and his co-plaintiffs (Doucet and Lacombe) also filed a joint motion for appeal.

By the instant writ application, Relator seeks to have this court reverse a judgment denying a motion for reduction of appeal costs which Relator had filed pursuant to La.Code Civ.P. art. 2126(C). The estimated appeal costs total $56,225.50.

"The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ." *Johno v. Doe*, 16-0200, p. 4 (La.App. 4 Cir. 8/17/16), 198 So.3d 1216, 1218 (citations omitted).

## ON THE MERITS

With regard to the payment of appeal costs, La.Code Civ.P. art. 2126 provides as follows:

> A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.

> B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may

2

grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

C. **The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty day time limit, and the trial court may order reduction of the estimate upon proper showing**. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.

D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.

E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:

(1)  Enter a formal order of dismissal on the grounds of abandonment; or

(2)  Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

(Emphasis added.)

In the instant case, Relator argues that the estimated appeal costs of $56,225.50, including a record charge of nearly $50,000.00 at the cost of $5.00 per page, are excessive. Relator notes that he had initially sought to file a suspensive appeal and that at that point, the estimated appeal costs for the suspensive appeal were $47,956.50. However, Relator contends that when he changed his appeal to a devolutive appeal, the estimated appeal costs went up to $56,225.50. Relator notes

that while the invoice for the suspensive appeal charged $5.00 per page for some parts of the record and $2.00 per page for other parts of the record, the invoice pertaining to the devolutive appeal charges $5.00 per page for the entire record. Relator contends that the reason for the distinction in those charges in unclear. At any rate, Relator argues that the $5.00 per page charge is excessive and will unreasonably hinder him from appealing the jury verdict rendered in this case. Relator asserts that the trial court failed to take into consideration the excessiveness of the $5.00 per page charge for a copy of the record because the trial court was only concerned with insuring that the clerk of court's office gets paid for the work that it has done.

Relator notes that at the hearing on the motion to reduce excessive appeal costs, the trial court did not hear any testimony or receive any briefing from the clerk of court's office. However, Relator contends that the trial court did consider Defendants' position on the motion to reduce excessive estimated appeal costs. Relator argues that the trial court erred when it considered Defendants' position because Defendants do not have standing to object to a reduction of the estimated appeal costs. In that regard, Relator points out that Defendants will not be responsible for preparing the appeal record and that they are not the ones to whom appeal costs are owed. Also, Relator contends that Defendants will not be harmed or prejudiced if Relator's appeal costs are reduced and that Defendants will not benefit if the instant writ application is denied. Relator accuses Defendants of using exorbitant appeal costs charged by the clerk of court to their advantage to prevent Relator from appealing an unfavorable verdict against him. Relator asserts that the excessive appeal costs are hindering his constitutional right of access to the courts.

Additionally, Relator notes that he amended his motion for reduction of estimated appeal costs. Relator contends that by that amended motion, he sought to

4

have the trial court allocate the estimated appeal costs in a fair and equitable manner among the three co-plaintiff-appellants. In that regard, Relator maintains that the trial court should have required each of the three co-plaintiffs to pay one-third of the appeal costs. Instead, Relator contends that the trial court determined that Relator should pay all the costs of the appeal. Meanwhile, Relator notes that because his co-plaintiffs (Doucet and Lacombe) maintain their pauper status, they are able to pursue their appeal without paying a penny in appeal costs. Relator argues that because he is unable to bear the burden of the entire appeal, the allocation of all the estimated appeal costs to Relator violates his constitutional right to access to the appellate court.

In their opposition to the instant writ application, Defendants take the position that the trial court did not err when it denied Relator's motion for a reduction of estimated appeal costs. Defendants contend that the $5.00 per page fee for an appeal record is reasonable, and they note that such a fee has previously been upheld by this court in *Thornton v. Wolf*, 07-135 (La.App. 3 Cir. 5/30/07), 958 So.2d 131. Also, Defendants assert that Relator's motion should not be granted because Relator took a low-impact parking lot fender bender case and turned it into a major litigation, raising a variety of issues that had no basis in law or fact, such as intoxication allegations and Federal Motor Carrier Act claims. Defendants argue that these issues and others created by Relator required an extensive motion practice and caused the record to be much larger than it would have been without all the extraneous issues that Relator raised. Defendants contend that after creating a bloated record, Relator chose not to designate the appeal record to exclude his frivolous filings, reduce the amount of work required by the clerk of court's office, trim the record for an efficient appeal, and reduce his appeal costs. Defendants argue that other than his claim that the appeal costs are excessive, Relator does not provide any support for a reduction in estimated appeal costs.

5

Also, Defendants contend that if Relator is allowed to pay only one-third of the appeal costs, then the clerk's office for the district court runs the risk of losing the other two-thirds of the estimated appeal costs, plus the $18,557.00 that Relator already owes to the clerk's office. According to Defendants, the issue is not about denying Relator access to the appellate court, but rather, the issue is about making Relator responsible for the risks and costs of appealing. Further, Defendants point out that the trial court previously found that Relator abused the system by filing frivolous and unnecessary motions and revoked his pauper status because of it.

Additionally, Defendants assert that they have standing to oppose Relator's motion to reduce estimated appeal costs because they are materially affected by Relator's continued pursuit of this action. Defendants argue that even if it is determined that Defendants do not have standing, their brief should be considered as an *amicus* brief.

We find that there is merit to Defendants' argument that Relator, who has had his pauper status revoked due to abuse of the legal process, is responsible for a voluminous trial record resulting from his excessive filings, including some frivolous filings that resulted in sanctions against Relator. Although Relator objects to the $5.00 per page charge, this court noted in *Thornton*, 958 So.2d 131, that La.R.S. 13:841(A)(10) permits the district court clerks to charge up to $5.00 per page for the preparation of the appeal record. Importantly, as noted by the trial court in the instant case, Relator chose not to exercise the option of designating the appeal record in order to reduce his appeal costs. Accordingly, we find no abuse of discretion in the trial court's ruling.

**WRIT DENIED.**

6