| | | |
|---|---|---|
| RYAN DELATTE AND<br>GEORGE LANDER | * | NO. 2020-C-0055 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| STRICKLAND PROPERTIES,<br>LLC, JAMES C. STRICKLAND,<br>III, GHX INDUSTRIAL, LLC,<br>GHX HOLDINGS, LLC, HOSE<br>SPECIALTY & SUPPLY, LLC,<br>SCOTT ELWOOD AND JIM<br>RILEY | * <br><br> * <br><br> * * * * * * * | FOURTH CIRCUIT<br><br>STATE OF LOUISIANA |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-00748, DIVISION "I"
Honorable Ronald J. Sholes (Pro Tempore),
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Roland L. Belsome,
Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)


Aaron P. Mollere
Travis J. Beslin
MÖLLERE BESLIN, APLC
3500 N. Hullen Street,
Metairie, LA 70002


        COUNSEL FOR PLAINTIFFS-RELATORS


Andrew D. Weinstock
Linda A. Hewlett
Autumn M. Coe
DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART, LLC
3838 North Causeway Boulevard, Suite 2900
Metairie, LA 70002
        COUNSEL FOR DEFENDANTS-RESPONDENTS


                                        **WRIT GRANTED**
                                        **APRIL 8, 2020**

*RBW*

*RLB*

*DNA*

Plaintiffs-Relators, Ryan Delatte and George Lander ("Relators"), seek supervisory review of the trial court's denial of its motion for revision of a prior judgment pursuant to La. C.C.P. art. 1915(B). Relators sought a revision of the trial court's April 26, 2019 ruling granting summary judgment in favor of Defendants-Respondents, Strickland Properties, LLC, James Strickland, III, GHX Industrial, LLC, GHX Holdings, LLC, Hose Specialty & Supply, LLC, Scott Elwood, and Jim Riley ("Respondents"), as to the issue of negligence only. For the following reasons, the writ is granted.

## PROCEDURAL HISTORY

On January 5, 2017, Relators filed their petition for damages and alleged exposure to toxic mold due to Respondents' failure to properly maintain the work environment. On April 30, 2018, Respondents filed a motion for summary

1

judgment and sought dismissal from Relators' lawsuit arguing that Relators' claims for intentional tort were without merit and that any negligence claims must be resolved pursuant to the Louisiana Workers' Compensation Act exclusively. Counsel for Relators conceded that the Louisiana Workers' Compensation Act was the exclusive remedy for any negligence claims. Accordingly, on April 29, 2019, the trial court granted summary judgment in favor of Respondents as to the issue of negligence only. Thereafter, Relators retained new counsel and on November 14, 2019, filed a motion for revision of prior judgment pursuant to La. C.C.P. art. 1915(B). The motion proceeded to a hearing on December 20, 2019. At the hearing, while the trial court expressed consternation that the motion should be granted and the underlying motion granting summary judgment reversed, the trial court denied Relators' motion. It was from this motion that Relators now seek supervisory review.

## DISCUSION

### *Assignments of Error*

Relators argue that the trial court erred in denying its motion for revision of its prior judgment pursuant to La. C.C.P. art. 1915(B). Relators further argue that because genuine issues of material fact exist regarding whether Relators' negligence claims have remedy in tort or in the Louisiana Workers' Compensation Act, summary judgment in favor of Respondents as to the issue of negligence should be reversed.

### *Standard of Review*

2

This Court applies "a *de novo* standard of review in examining a trial court's ruling on summary judgment. Accordingly, we use the same criteria that govern a trial court's consideration of whether summary judgment is appropriate." *Carrero v. Mandina's, Inc.*, 2019-0158, p. 3 (La. App. 4 Cir. 8/7/19), writ denied, 2019-01554 (La. 11/25/19); 283 So.3d 497 (internal citations omitted). Pursuant to La. C.C.P. art. 966(A)(3), "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

*Analysis*

Pursuant to La. C.C.P. art. 1915(B), in pertinent part, "[w]hen a [trial] renders a partial judgment or partial summary judgment . . . as to one or more but less than all of the claims, demands, issues, or theories against a party . . . the judgment shall not constitute a final judgment unless it is designated as a final judgment . . ." and therefore "may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties" Relators argue that because the trial court's April 26, 2019 ruling granting summary judgment in favor of Respondents as to the issue of negligence was not a final judgment and in error, the ruling should be revised pursuant to La. C.C.P. art. 1915(B). Further, this Court explained that "'an interlocutory judgment is not subject to a motion for new trial.' Johno v. Doe, 16-0200, p. 5 (La. App. 4 Cir. 8/17/16), 198 So.3d 1216, 1218. 'The proper

3

procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ.' *Id*." *Schwarzenberger v. Louisiana State Univ. Health Scis. Ctr.-New Orleans*, 2018-0480, pp. 5-6 (La. App. 4 Cir. 10/3/18), *writ denied*, 2018-1966 (La. 1/28/19); 263 So.3d 428.

### *Motion for Summary Judgment*

This Court has explained that "[i]n order to determine whether the trial court's grant of summary judgment was proper, this court must look to the applicable substantive law." *Alexander v. Hancock Bank*, 2016-0662, p. 4 (La. App. 4 Cir. 2/8/17); 212 So.3d 713, 716. Here, Relators argue that the Louisiana Workers' Compensation Act is generally the exclusive remedy for an employee's work-related injuries precluding civil liability except for injuries resulting from intentional acts, and rely on jurisprudence in which employees proceeded with a tort claim pursuant to La. R. S. 23:1032 against their employers for injuries associated with mold exposure. See *Ruffin v. Poland Enterprises, L.L.C.,* 2006-0244 (La. App. 4 Cir. 12/13/06), 946 So.2d 695 and *Watters v. Dep't of Soc. Servs.,* 2008-0977 (La. App. 4 Cir. 6/17/09), 15 So.3d 1128. Accordingly, Relators argue that a genuine issue of material fact exists as to whether Relators may proceed in tort against Respondents, thus making the trial court's grant of summary judgment improper.

This Court, in *Ruffin*, held that the plaintiffs were not subject to the exclusive remedy pursuant to the Louisiana Workers' Compensation Act because

the type of injury they experienced, exposure to mold and other contaminants, was not a "precipitous event happening suddenly or violently" and such injuries arising from prolonged exposure to mold did not constitute an occupational disease. 2006-0244, p. 7 (La. App. 4 Cir. 12/13/06); 946 So.2d 695, 699.

Relators also rely on *Watters v. Dep't of Soc. Servs.*, in which this Court reasoned that while "[g]enerally, an employee's claim based on La. R.S. 23:13 would be under the Louisiana Workers' Compensation Act and not in tort. . . . [T]this court recognized an exception to this general rule in a case virtually identical to this one, *Ruffin v. Poland Enterprises*, L.L.C., [20]06–0244 (La. App. 4 Cir. 12/13/06), 946 So.2d 695." 2008-0977, p. 13 (La. App. 4 Cir. 6/17/09); 15 So.3d 1128, 114. Further, "exposure to mold in the workplace fell outside the scope of the [Louisiana] Workers' Compensation Act because such exposures were not an accident, not an occupational disease, and not peculiar to or characteristic of clerical employment. Accordingly, this [C]ourt held that workplace mold exposure could form the basis for a tort action against an employer." Similar to *Ruffins* and *Watters*, Relators' claims regarding exposure to mold in the workplace could form the basis of tort claims against Respondents; thus, making the granting of summary judgment inappropriate at this juncture.

## CONCLUSION

For the aforementioned reasons, the trial court erred in denying Relators' motion to revise a prior judgment pursuant to La. C.C.P. art. 1915(B).

Accordingly, Relators' writ is **GRANTED** and the matter remanded for further proceedings.

**WRIT GRANTED**