# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2020 CA 0222

## JANICE MARLENE KOSAK AND JANICE ASHLEY CHAISSON

## VERSUS

## LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, DARRIAN BOZEMAN, BRYAN BOZEMAN, GEICO CASUALTY COMPANY

Judgment Rendered: **DEC 1 0 2020**

On Appeal from the Twenty First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 151,193

Honorable Charlotte H. Foster, Judge Presiding

\*\*\*\*\*\*

| | |
|---|---|
| Marie Riccio<br>New Orleans, Louisiana | Counsel for Plaintiffs/Appellants,<br>Janice Marlene Kosak and Janice<br>Ashley Chaisson |
| | |
| R. Heath Savant<br>Mark T. Assad<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Louisiana Farm Bureau Casualty<br>Insurance Company |

\*\*\*\*\*\*

## BEFORE: HIGGINBOTHAM, THERIOT AND WOLFE, JJ.

Theriot, J. dissents with reasons

**WOLFE, J.**

Plaintiffs-appellants, Janice Marlene Kosak ("Kosak") and Janice Ashley Chaisson ("Chaisson"), appeal the September 27, 2019 judgment of the trial court rendered in favor of defendant-appellee, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), granting Farm Bureau's Exception of Prescription and dismissing plaintiffs' First Amending/Supplementing Petition for Damages alleging bad faith claims against Farm Bureau with prejudice. For the following reasons, we conclude that the trial court improperly certified the judgment as final under La. Code Civ. P. art. 1915(B) and dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

On February 4, 2016, Kosak and Chaisson fax filed an Original Petition for Money Damages and UM Benefits, naming Farm Bureau, Darrian Bozeman, Bryan Bozeman, and GEICO Casualty Company as defendants. Kosak and Chaisson alleged that on February 5, 2015, Kosak was driving her vehicle when she was struck by Nicole Thomassie ("Thomassie"). They further alleged that, on April 12, 2015, Chaisson was driving Kosak's vehicle, with Kosak as a passenger, when they were struck by Darrian Bozeman, whose father Bryan Bozeman was insured with GEICO Casualty Company for $20,000.

With regard to the February 5, 2015 accident, the petition states Thomassie's liability insurer tendered full policy limits in the amount of $15,000, yet Kosak's medical bills related to the February 5, 2015 accident were estimated at $13,209.00. They further alleged that, effective at the time of the February 5, 2015 accident, Kosak had an uninsured/underinsured motorist ("UM") policy with Farm Bureau with limits of $15,000/$30,000. Plaintiffs contended Thomassie was underinsured, making Farm Bureau liable to Kosak, pursuant to its UM policy and "contract law;" nevertheless, Farm Bureau had not paid.

2

As to the April 12, 2015 accident, the petition further claims GEICO had not yet tendered its full policy limits but had admitted liability by providing full payment for the loss of Kosak's vehicle. Kosak and Chaisson alleged they exceeded the GEICO policy limits as a result of injuries sustained in the April 12, 2015 accident, which resulted in ongoing medical bills of approximately $20,000 for Kosak and $6,000 for Chaisson. They asserted that, effective at the time of the April 12, 2015 accident, Kosak had a UM policy with Farm Bureau with limits of $50,000/$100,000, and Farm Bureau was liable to them, pursuant to its policy and "contract law."

Plaintiffs alleged Farm Bureau, as Kosak's UM carrier, was liable *in solido* with the tortfeasor's liability carrier, GEICO. Accordingly, they sought a judgment against Farm Bureau "for the full and complete UM policy limits" or amounts to be determined by the trial court together with legal interest thereon from the date of judicial demand, all costs of the proceedings, and all general and equitable relief.

On April 9, 2019, Farm Bureau filed a Motion in Limine and Motion to Strike. Farm Bureau sought to preclude all evidence of bad faith in this matter, as it had not been pleaded, and strike all references to monetary damages and the applicable limits of insurance policies issued by Farm Bureau from the plaintiffs' petition, in accordance with La. Code Civ. P. art. 893(A)(2) and La. Code Evid. art. 411.

Thereafter, on June 6, 2019, plaintiffs filed a Motion and Order for Leave to File First Amending/Supplementing Petition, which was granted on June 7, 2019. Plaintiffs alleged, in their First Amending/Supplementing Petition, that they made satisfactory proof of loss to Farm Bureau, yet Farm Bureau made a delayed tender for the February 5, 2015 accident and no tender with respect to the April 12, 2015 accident, despite being notified in writing that the liability carriers in connection

3

with both accidents had tendered full policy limits. Accordingly, plaintiffs alleged Farm Bureau was in bad faith and liable for penalties and attorney fees under La. R.S. 22:1892 and La. R.S. 22:1973.

Farm Bureau filed an Exception of Prescription on August 5, 2019, arguing that plaintiffs' bad faith claims contained in the First Amending/Supplementing Petition do not relate back to the filing of the original Petition for Damages, are prescribed, and should be dismissed with prejudice.

Plaintiffs filed a Motion for Summary/Declaratory Judgment, purportedly arguing Farm Bureau was liable for bad faith damages.[1] Thereafter, Farm Bureau filed a Cross Motion for Summary Judgment, seeking dismissal of Kosak's bad faith claims on the grounds that Farm Bureau cannot be in bad faith under La. R.S. 22:1892 and La. R.S. 22:1973 as there is a reasonable dispute as to causation.

The trial court heard Farm Bureau's Exception of Prescription and Motion in Limine and Motion to Strike, as well as plaintiffs' Motion for Summary/Declaratory Judgment, on August 19, 2019. The trial court ruled that the Motion in Limine was moot and took the matter under advisement as to Farm Bureau's Exception of Prescription and Motion to Strike and plaintiffs' Motion for Summary/Declaratory Judgment. Thereafter, the trial court granted Farm Bureau's Exception of Prescription and Motion to Strike and found that plaintiffs' Motion for Summary/Declaratory Judgment was moot. In its written reasons for judgment, the trial court found as follows:

> The Court finds Farm Bureau's Motion in Limine is moot. In its motion, Farm Bureau submits Plaintiffs made no claim for bad faith penalties in the original petition filed on February 4, 2016. As such, Farm Bureau seeks to have all references to bad faith penalties and attorneys fees excluded at trial. On June 6, 2019, Plaintiffs filed a First Amending/Supplementing Petition, in which they allege Farm Bureau's bad faith, rendering Farm Bureau's Motion in Limine to be moot.

---

[1] A copy of plaintiffs' Motion for Summary/Declaratory Judgment was not contained in the record lodged on appeal.

4

The Court grants Defendant's Exception of Prescription as to Plaintiffs' First Amending/Supplementing Petition specifically relying on Labarre v. Texas Brine Co., LLC, WL 4179590, No. 2017-1676 (La. App. 1st Cir. 8/30/2018). The Louisiana Supreme Court denied writs in that matter. Labarre v. Texas Brine Company, LLC, 260 So.3d 1217, 2018-1617 (La. 1/14/19). The Labarre case dealt with claims against ... carriers for alleged bad faith under La. Rev. Stat. Ann. 22:1892 and 22:1973 and their relation back to an original petition. In Labarre, the Court stated, "We cannot say that our colleagues committed palpable error in determining a one-year prescriptive period applied to Texas Brine Company, LLC's claims of bad faith under La. Rev. Stat. Ann. 22:1892 against Indian Harbor Insurance Company." The Court finds that Plaintiffs' First Amending/Supplementing Petition filed June 6, 2019 does not relate back to the original petition filed February 4, 2016. Applying the one-year prescriptive period, the Court finds Plaintiffs' bad faith claims against Farm Bureau are prescribed and accordingly dismisses Plaintiffs' First Amending/Supplementing Petition.

Further, pursuant to La. C.C.P. art. 893, the Court grants Defendant's Motion to Strike those portions of Plaintiffs' original petition which mention specific monetary amount [sic] of damages allegedly sustained by plaintiff(s). Additionally, pursuant to La. Code of Evidence art. 411, the Court grants Defendant's Motion to Strike allegations regarding insurance policy limits listed in Plaintiffs' original petition.

Lastly, based upon the Court's granting of Defendant's Exception of Prescription, the Court finds the Plaintiffs' Motion for Summary/Declaratory Judgment is moot.

On September 27, 2019, the trial court signed a judgment, in accordance with its written reasons, granting Farm Bureau's Exception of Prescription and dismissing plaintiffs' First Amending/Supplementing Petition for Damages alleging bad faith claims against Farm Bureau with prejudice, decreeing that Farm Bureau's Motion in Limine and plaintiffs' Motion for Summary/Declaratory Judgment were moot, and granting Farm Bureau's Motion to Strike.

Plaintiffs filed an application for supervisory writ, seeking review of the trial court's judgment granting Farm Bureau's Exception of Prescription and Motion to Strike and denying as moot plaintiffs' Motion for Summary/Declaratory Judgment. This court subsequently denied that writ, on October 16, 2019, stating that the criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New**

5

**Iberia, Inc.**, 396 So.2d 878 (La. 1981) (per curiam) are not met. *See* **Kosak v. Louisiana Farm Bureau Casualty Insurance Co.**, 2019-1260 (La. App. 1st Cir. 10/16/19), 2019 WL 5266338 (unpublished writ action).

Thereafter, on October 24, 2019, plaintiffs filed a Motion for Judgment Certification and Entry of Formal Appeal, seeking to appeal the trial court's September 27, 2019 judgment[2] "ONLY TO THE EXTENT SAID JUDGMENT GRANTS FARM BUREAU'S EXCEPTION OF PRESCRIPTION WITH PREJUDICE, AND FOLLOWING THAT DECISION, STRIKES WITH PREJUDICE PLAINTIFFS' FIRST AMENDING PETITION ALLEGATIONS (demanding 'special damages'[,] attorney's fees, penalties, and costs based on [F]arm [B]ureau's violation of the contractual duty to timely tender the amount not reasonably in dispute after satisfactory proof of claim is made)." (Emphasis in original.) On October 29, 2019, the trial court signed an Order, stating in pertinent part as follows:

> WHEREAS This Motion/Petition for Appeal has been duly and timely filed within thirty days of the JUDGMENT GRANTING EXCEPTION OF PRESCRIPTION WITH PREJUDICE, AND FOLLOWING THAT DECISION, STRIKING WITH PREJUDICE PLAINTIFFS' FIRST AMENDING PETITION ALLEGATIONS entered on October 7, 2019;[3]

---

[2] Plaintiffs' Motion for Judgment Certification and Entry of Formal Appeal stated that plaintiffs appealed the trial court's "October 7, 2019 Judgment." However, the trial court's only judgment rendered on October 7, 2019 solely decreed that Farm Bureau's Cross Motion for Summary Judgment was moot. Nevertheless, per their allegations in the Motion for Judgment Certification and Entry of Formal Appeal, plaintiffs only appear to seek to appeal the trial court's judgment on Farm Bureau's Exception of Prescription, which was signed on September 27, 2019 and mailed on October 7, 2019. This court, *ex proprio muto*, issued a Rule to Show Cause Order, noting the error in the judgment date in the Motion for Judgment Certification and Entry of Formal Appeal and ordering the parties to show cause "as to what judgment is properly before this Court on appeal ..." On August 5, 2020, the writ panel issued the following action on the Rule to Show Cause Order:

**APPEAL MAINTAINED.**

MRT
EW

**Higginbotham, J.**, would address the merits of the Show Cause Order on appeal.
[3] *See* footnote 2, *supra.*

WHEREAS notice has been given of Plaintiffs' intent to formally appeal devolutively from the portion of the written Judgment rendered herein on October 7, 2019[4] (Reasons for Judgment having been written and filed on August 27, 2019) by Judge Charlotte Foster, that is GRANTING EXCEPTION OF PRESCRIPTION AND FOLLOWING THAT DECISION, STRIKING WITH PREJUDICE PLAINTIFFS' FIRST AMENDING PETITION ALLEGATIONS;

WHEREAS the Court has determined that the portion of the Judgment GRANTING EXCEPTION OF PRESCRIPTION AND FOLLOWING THAT DECISION, STRIKING WITH PREJUDICE PLAINTIFFS' FIRST AMENDING PETITION ALLEGATIONS is a FINAL JUDGMENT and there is no just reason for delay;

...

IT IS FURTHER ORDERED THAT THE CLERK SHALL ENTER A CERTIFICATION OF FORMAL APPEAL from the PORTION of the written Judgment ENTERED OCTOBER 7, 2018[5] [sic] ... in favor of plaintiffs' Uninsured/underinsured ("UM") carrier, Louisiana Farm Bureau Insurance Company ("Farm Bureau") rendered herein by Judge Charlotte H. Foster, ONLY TO THE EXTENT SAID JUDGMENT GRANTS FARM BUREAU'S EXCEPTION OF PRESCRIPTION WITH PREJUDICE, AND FOLLOWING THAT DECISION, STRIKES WITH PREJUDICE PLAINTIFFS' FIRST AMENDING PETITION ALLEGATIONS. (Emphasis in original and footnote added.)

In this appeal, plaintiffs assign as error the trial court's granting of the Exception of Prescription, the trial court's granting of Farm Bureau's Motion to Strike, and the trial court's finding that plaintiffs' Motion for Partial Summary Judgment/Declaratory Judgment was moot.

## ANALYSIS

The judgment before us was certified as a final judgment in accordance with La. Code Civ. P. art. 1915(B). Before we consider the merits of the appeal, we must determine whether the judgment is properly certified. The September 27, 2019 judgment at issue, which merely dismisses plaintiffs' bad faith claims as set forth in their First Amending/Supplementing Petition, is not a final judgment under La. Code Civ. P. art. 1841. Nor is it a final judgment for purposes of an immediate appeal under the provisions of La. Code Civ. P. art. 1915(A). Therefore, this

---

[4] See footnote 2, supra.
[5] See footnote 2, supra.

7

court's jurisdiction depends upon whether the judgment was properly designated and certified as a final judgment pursuant to La. Code Civ. P. art. 1915(B)(1). *See also* La. Code Civ. P. arts. 1911(B) and 2083.

Although the trial court designated the judgment as being final and appealable under La. Code Civ. P. art. 1915(B), that designation is not determinative of this court's jurisdiction. **Van ex rel. White v. Davis**, 2000-0206 (La. App. 1st Cir. 2/16/01), 808 So.2d 478, 480. Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Motorola, Inc. v. Associated Indemnity Corporation**, 2002-0716 (La. App. 1st Cir. 4/30/03), 867 So.2d 715, 717 (en banc). If no reasons for the certification are given but some justification is apparent from the record, the appellate court should make a *de novo* determination of whether the certification was proper. **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122.

Historically, our courts have had a policy against multiple appeals and piecemeal litigation. **Capital Management Consultants, Inc. v. Duhon**, 2016-0703 (La. App. 1st Cir. 4/18/17), 227 So.3d 839, 842-43. Louisiana Code of Civil Procedure article 1915(B) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. **Id.** at 843. Thus, in considering whether a judgment has been properly designated as final and appealable pursuant to La. Code Civ. P. art. 1915(B), a trial court must take into account judicial administrative interests as well as the equities involved. **R.J. Messinger, Inc.**, 894 So.2d at 1122; **Templet v. State of Louisiana, Department of Public Safety and Corrections**, 2005-1903 (La. App. 1st Cir. 11/3/06), 951 So.2d 182, 185. Some of the factors a trial court should take into account in making an La. Code Civ. P. art. 1915(B) certification are the relationship between the adjudicated and

8

unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the trial court; the possibility the reviewing court might be obliged to consider the same issue a second time; and miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. **R.J. Messinger, Inc.,** 894 So.2d at 1122. However, the overriding inquiry for the trial court is whether there is no just reason for delay. **Id.** at 1122-23.

In the present case, the signed Order, designating as final the portion of the September 27, 2019 judgment that granted the Exception of Prescription and dismissed the bad faith claims set forth in the plaintiffs' First Amending/Supplementing Petition, does not contain reasons for why "there is no just reason for delay." Accordingly, we will make a *de novo* determination of whether the certification was proper. **R.J. Messinger, Inc.,** 894 So.2d at 1122.

The transcript from the hearing to continue Farm Bureau's Cross Motion for Summary Judgment reveals that the trial court and the parties' counsel discussed the language of the proposed judgment on the Exception of Prescription. The trial court stated, "I'm fully anticipating you to seek review at the First Circuit on this decision, because it's not a clear-cut thing to me. It's kind of a little bit muddy. ... I'm trying to put you in a position to go ahead and get reviewed." The trial court further stated, "... I'm trying to make this as final as possible, because I know you're going to take it up." Additionally, when Farm Bureau's counsel expressed concern about half of the case pending at the appellate court while he tried the underlying remaining half, the trial court stated, "I wouldn't want to do it that way. I'd want a decision on the bad faith issue."

However, with the dismissal of the plaintiffs' bad faith claims set forth in their First Amending/Supplemental Petition, the sole remaining unadjudicated claims are plaintiffs' claims under "contract law" against Farm Bureau. Plaintiffs'

9

remaining claims against the tortfeasors, Darrian Bozeman and Bryan Bozeman, and their insurer, GEICO, have been settled and dismissed. As outlined above, in their Original Petition for Money Damages and UM Benefits, plaintiffs alleged the following: Kosak and Chaisson were injured in two accidents; Farm Bureau had policies of UM insurance in place at the time of both accidents as well as the limits of those policies; and plaintiffs' respective injuries exceeded the tortfeasors' insurance policy limits, making Farm Bureau liable to them under contract law and its UM policies. As to their bad faith claims, plaintiffs alleged they made satisfactory proof of loss to Farm Bureau through medical records, medical bills, authorizations and deposition testimony. Nevertheless, plaintiffs contended that Farm Bureau failed to timely make a UM tender for either accident.

Plaintiffs' contract claims and bad faith claims against Farm Bureau are intertwined and center around the same set of operative facts, specifically the plaintiffs' alleged injuries in the two motor vehicle accidents and Farm Bureau's alleged failure to pay under its UM policies. We find that all of these interrelated facts depend on each other for common resolution and should not be separated on appeal. Moreover, the adjudication of the prescription issue as to the plaintiffs' bad faith claims, regardless of which party prevails on appeal, will not be determinative of the merits of the contract claim against Farm Bureau; a trial will still be necessary to determine the merits of that claim. *See e.g.* **Malus v. Adair Asset Management, LLC**, 2016-0610 (La. App. 1st Cir. 12/22/16), 209 So.3d 1055, 1061-62 (where the appeal was dismissed because the adjudication of the nullity claim dismissed *via* exceptions of *res judicata* and prescription, regardless of which party prevailed on appeal, would not be not determinative of the remaining possessory action, and a trial would still be necessary to determine the merits of that claim and the remaining request for injunctive relief). After plaintiffs' remaining claims herein have been adjudicated, either party will have

10

the right to appeal any adverse judgment rendered in the proceeding. *See* La. Code Civ. P. art. 2083(A).

Additionally, any decision this court renders as to the bad faith claims may be rendered moot by future developments in the trial court. The prohibited conduct under La. R.S. 22:1973 and La. R.S. 22:1892 is virtually identical: the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause. **Pelle v. Munos**, 2019-0549 (La. App. 1st Cir. 2/19/20), 296 So.3d 14, 25. The primary difference between these two statutes is the different time periods allowed for payment, thirty days under La. R.S. 22:1892 and sixty days under La. R.S. 22:1973. **Id.** Because these two statutes are penal in nature, they are strictly construed. **Id.**

In order to recover under La. R.S. 22:1973 and La. R.S. 22:1892, a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based. **Pelle**, 296 So.3d at 25. The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim. **Id.** Furthermore, breach of contract is a condition precedent to recovery for the breach of duty of good faith. **Id.** Therefore, prior to determining whether bad faith penalties are owed, a court must first determine if there is an underlying claim, and if so, its validity. **Clausen v. Fidelity and Deposit Co. of Maryland**, 95-0504 (La. App. 1st Cir. 8/4/95), 660 So.2d 83, 86, *writ denied*, 95-2489 (La. 1/12/96), 666 So.2d 320. Thus, if the plaintiffs herein fail to prove at trial that Farm Bureau breached its contractual obligations, then Farm Bureau would be absolved of liability, and the issue currently before this court would be rendered moot. *See e.g.* **Pelle**, 296 So.3d at 25 (where insurer did not breach its insurance contract with the insured, the trial court's dismissal of bad faith claims under La. R.S. 22:1973 and La. R.S. 22:1892 was proper); *see also* **Bayle v. Allstate Insurance Co.**, 615 F.3d 350, 363 (5th Cir.

11

2010) (applying Louisiana law) (where breach of contract is a condition precedent to recovery for the breach of the duty of good faith and the insurer did not breach its insurance contract with the insureds, the district court properly denied the claim for statutory penalties under La. R.S. 22:1973 and La. R.S. 22:1892). Moreover, because the trial court can revise its partial judgment on the Exception of Prescription at any time prior to final judgment, pursuant to La. Code Civ. P. art. 1915(B)(2), the need for the appeal may be rendered moot.

The sole issue to be addressed by this appeal is whether the trial court erred in finding that plaintiffs' claims for bad faith penalties were prescribed. Whether this court affirms or reverses the judgment on the Exception of Prescription, any appellate ruling would not end the litigation, but would only result in the matter being remanded to the trial court for resolution of the parties' remaining claims at trial. Moreover, in the event of a reversal and remand, it is likely this court will consider the merits of the bad faith claim in a subsequent appeal.

Furthermore, judicial resources may be wasted by appellate review of the Exception of Prescription at this time, considering the probability of a later appeal after adjudication of the plaintiffs' remaining claims. An immediate determination of whether plaintiffs' claims for bad faith penalties have prescribed would not significantly shorten the length of the trial, narrow the scope of evidence to be adduced at trial, or decrease the costs of litigation. A full trial will still be necessary for plaintiffs' remaining claims against Farm Bureau, which arise out of the same operative facts, and essentially the same evidence will have to be produced to adjudicate them, as the parties still would have to put on evidence of plaintiffs' injuries and damages as well as the insufficiency of the tortfeasors' insurance. Consequently, the length and expense of the trial will not be materially reduced by deciding this appeal. We are aware of no other factors, such as undue delay, economic and solvency considerations, or frivolity of competing claims,

suggesting that the undesirability of piecemeal appeals is overcome in this instance by some need to have the judgment reviewed at this time. *See* **Carr v. Sanderson Farms, Inc.**, 2017-1499 (La. App. 1st Cir. 4/6/18), 2018 WL 1663148, at *2 (unpublished).

Given the nature of the claims herein and the procedural posture of this case, we are constrained to find that addressing the issues at this time would promote piecemeal appeals. Accordingly, on our *de novo* review, we cannot conclude that there is no just reason for delay.[6] *See e.g.* **Dupuy Storage and Forwarding, LLC v. Max Specialty Insurance Company**, 2016-0050 (La. App. 4th Cir. 10/5/16), 203 So.3d 337, 343-44, *writ denied*, 2016-1982 (La. 12/16/16), 211 So.3d 1171 (finding there were just reasons for delay and the judgment, granting a motion for partial summary judgment dismissing the insured's claim for bad faith penalties against its insurer, should not have been certified as a final appealable judgment

---

[6] We note the Rule to Show Cause Order also asked the parties to show cause as to "the propriety of the trial court's finality designation of the October 7, 2019 judgment." As discussed in footnote 2, *supra*, the writ panel voted to maintain the appeal.

However, a regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or amend a writ panel's decision on an issue when, after reconsidering the issue to the extent necessary to determine whether the writ panel's decision was correct, the appeal panel finds that the writ panel's decision was in error. **Atchafalaya Basinkeeper v. Bayou Bridge Pipeline, LLC**, 2018-0417 (La. App. 1st Cir. 2/22/19), 272 So.3d 567, 570; **Joseph v. Ratcliff**, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So.3d 220, 223. Mere doubt as to the correctness of the prior ruling by a writ panel is not enough to change the prior ruling; only where it is manifestly erroneous or application of the law of the case doctrine would result in an obvious injustice should we overrule or modify the prior ruling. **Atchafalaya Basinkeeper**, 272 So.3d at 570; **Joseph**, 63 So.3d at 223. Additionally, the discretionary law of the case principle does not bar us from reconsidering our prior rulings, especially when the previous decision was clearly erroneous and would result in an inappropriate review of a non-appealable judgment. **Atchafalaya Basinkeeper**, 272 So.3d at 570; **Joseph**, 63 So.3d at 223-24. In **Atchafalaya Basinkeeper**, *supra*, and **Joseph**, *supra*, for instance, this court dismissed appeals for lack of appellate jurisdiction, despite a writ panel's preliminary order maintaining the appeal. *See* **Atchafalaya Basinkeeper**, 272 So.3d at 569-70; **Joseph**, 63 So.3d at 223-25.

Our review of the September 27, 2019 judgment appealed by plaintiffs, as well as the complete record, leads us to conclude that the writ panel's previous ruling maintaining this appeal was in error. Furthermore, we note that the discretionary law-of-the-case principle does not bar us from reconsidering our prior rulings, especially when the previous decision was clearly erroneous and would result in an inappropriate review of a non-appealable judgment. **Atchafalaya Basinkeeper**, 272 So.3d at 570; **Joseph**, 63 So.3d 220, 223-24.

This court's jurisdiction extends to final judgments. *See* La. Code Civ. P. art. 2083. Where the September 27, 2019 judgment herein is not a final judgment for the reasons addressed in this opinion, this court lacks appellate jurisdiction to review this matter.

and dismissing the insured's appeal for lack of appellate jurisdiction); *see also* **Washington v. Allstate Indemnity Co.**, 2011-1508 (La. App. 3d Cir. 2/1/12), 2012 WL 340294, *2 (unpublished) (finding the trial court abused its discretion in designating its ruling, granting the insurer's motion for summary judgment and dismissing the insured's claims for penalties and attorney's fees with prejudice, as appealable pursuant to La. Code Civ. P. art. 1915 and dismissing the appeal). Therefore, we conclude the certification does not meet the **R.J. Messinger, Inc.** requirements, this court lacks appellate jurisdiction, and we dismiss the appeal.[7] Plaintiffs can seek appellate relief once a final judgment has been rendered and all issues are properly before this court on appeal.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal of plaintiffs-appellants, Janice Kosak and Janice Ashley Chaisson, without prejudice. Assessment of appeal costs shall await final disposition of this matter.

**APPEAL DISMISSED.**

---

[7] We recognize that when confronted with a judgment on appeal that is not final and appealable, we are authorized to exercise our discretion to convert the appeal to an application for supervisory writs. *See e.g.* **McKenzie v. Imperial Fire and Casualty Insurance Company**, 2018-1325 (La. App. 1st Cir. 4/12/19), 2019 WL 1578103, *2, n. 5. However, as previously set forth, plaintiffs already filed an application for supervisory writs also seeking review of the trial court's granting of Farm Bureau's Exception of Prescription, and plaintiffs' writ application was denied. *See* **Kosak**, 2019 WL 5266338; *see also* **McKenzie**, 2019 WL 1578103 at*2, n. 5; **Malus**, 209 So.3d at 1062.

14

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0222

JANICE KOSAK AND JANICE ASHLEY CHAISSON

VERSUS

LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, DARRIAN BOZEMAN, BRYAN BOZEMAN, GEICO CASUALTY COMPANY

THERIOT, J., dissenting and assigning reasons.

I respectfully dissent from the majority's conclusion that the trial court's La. C.C.P. art. 1915(B) certification of this appeal was improper under the *Messinger* analysis. See *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 113.

In this case, the trial court dismissed the plaintiffs' bad faith claims based on this court's writ denial in *Labarre v. Texas Brine Co.*, LLC, 2017-1676, p. 1 (La.App. 1 Cir. 8/30/18), 2018WL4179590 at *1 (unpublished), *writ denied* 2018-1617 (La. 1/14/19), 260 So.3d 1217 (holding that it was not palpable error for the court to determine that a one-year prescriptive period applies to bad faith claims against insurers). However, less than a month after the trial court herein dismissed the plaintiffs' claims, the Louisiana Supreme Court in *Smith v. Citadel Insurance Company*, 19-00052 (La.App. 1 Cir. 10/22/19), 285 So.3d 1062, held that the proper prescriptive period applicable to a first-party bad faith claim against an insurer is the ten-year prescriptive period provided by La. C.C. art. 3499, since the insurer's duty of good faith is an outgrowth of the contractual and fiduciary relationship between

the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the insurer and the insured.[1] *Smith*, 19-00052 at p. 6-16, 285 So.3d at 1067-73. Thus, under the *Smith* holding, the plaintiffs' first-party bad faith claims against Farm Bureau are subject to a ten-year prescriptive period. Notably, the supreme court granted an application for reconsideration in *Texas Brine* following the *Smith* decision, and issued a per curiam opinion remanding the case to the district court for reconsideration of its ruling in light of the *Smith* decision. *Labarre v. Texas Brine Co., LLC*, 2018-1617 (La. 12/10/19), 285 So. 3d 479.

Considering the *Messinger* factors in light of the unique circumstances of this case, I believe that the trial court's 1915(B) designation was proper. The trial court's decision was based on a previously uncertain area of law, which was later cleared up by the supreme court, and the supreme court's clarification of the law means that plaintiffs' first-party bad faith claims are not prescribed and should not have been dismissed. As such, for the sake of judicial efficiency and in an effort to avoid piecemeal litigation, I would consider the appeal of this matter immediately.

Nevertheless, in the absence of a La. C.C.P. art. 1915(B) designation of finality by the trial court, the plaintiffs are free to ask the trial court to reconsider its ruling in light of subsequent developments, including the supreme court's clarification of the law in this area in *Smith*. See *Texas Brine*, 2018-1617 at p. 1, 285 So.3d at 480, FN1; see also La. C.C.P. art. 1915(B)(2) (explaining that in the absence of a designation of finality, "any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties."); *Texas Brine*, 2018-1617 at p. 1, 285 So.3d at 480, FN1.

---

[1] The court in *Smith* stated that "[t]he issue of the proper prescriptive period for third-party bad faith claims against an insurer is not before the court, and our opinion does not purport to address that issue." *Id.*, 19-00052 at p. 16, 285 So.3d at 1073, FN 9.

2