STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

*JEW*

*MRT by JEW*

* * * * * * *

2021 CA 0792

WAYNE SETLIFF, MANAGING BROKER OF KELLER WILLIAMS
REALTY PROFESSIONALS, LLC

VERSUS

CHUCK CUCCHIARA AND DENNIS GOOD, ET AL.

JUDGMENT RENDERED: **MAR 0 7 2022**

* * * * * * *

Appealed from
The Twenty-Second Judicial District Court
Parish of St. Tammany • State of Louisiana
Docket Number 2020-12615 • Division I

The Honorable Reginald T. Badeaux, III, Presiding Judge

* * * * * * *

| | |
|---|---|
| Tom Caruso<br>Slidell, Louisiana | COUNSEL FOR APPELLANT<br>DEFENDANT/CROSS-<br>PLAINTIFF—Dennis Good |
| Alex J. Peragine<br>Christina Falco Baldwin<br>Covington, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT/CROSS-<br>DEFENDANT—Chuck Cucchiara |
| Wayne Setliff<br>Slidell, Louisiana | PRO SE APPELLEE<br>PLAINTIFF—Wayne Setliff |
| Michael P. Bienvenu<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT/CROSS-<br>DEFENDANT—Sharon Kochera |

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND THERIOT, JJ.

*PMc by JEW*
*McClendon J. Concurs in result reached by majority*

**WELCH, J.**

In this concursus action, the defendant/cross-plaintiff, Dennis Good, appeals a judgment sustaining peremptory exceptions raising the objections of no right and no cause of action filed by the defendant/cross-defendant, Chuck Cucchiara, which dismissed, without prejudice, the cross-claims filed by Mr. Good against Mr. Cucchiara. We maintain the appeal, and affirm.

### FACTS AND PROCEDURAL HISTORY

On October 16, 2019, Mr. Cucchiara and Mr. Good entered into a residential purchase agreement for Mr. Cucchiara to purchase a portion of a piece of property located on I-10 Service Road in Slidell, Louisiana. The property is owned by Good, Maniglia, Milazo, Properties, L.L.P. ("GMMP"). The purchase agreement outlined that Mr. Cucchiara would purchase a piece of property for $150,000.00, subject to a subdivision of the property among the GMMP partners. In accordance with the purchase agreement, Mr. Cucchiara gave the property's real estate listing firm—Keller Williams Realty Professionals, LLC—a check for $2,000.00 as a deposit. The October 2019 sale never closed, however, as the partners of GMMP could not agree on subdividing the property, and as was later discovered, the property could not be subdivided due to its zoning designation.

On February 11, 2020, Mr. Cucchiara signed a new purchase agreement that set forth he was to purchase the entire piece of property from GMMP for $450,000.00. This purchase agreement required Mr. Cucchiara to secure $360,000.00 in financing. The original $2,000.00 deposit from the failed October 2019 purchase would be applied to this purchase. On March 13, 2020, the parties executed an amendment to the purchase agreement indicating that the purchaser was Slidell Storage Mart, LLC. Slidell Storage applied for a loan with Hancock Whitney Bank and was pre-approved for $360,000.00, subject to the completion of the environmental survey and appraisal, which Hancock Whitney ordered on

2

March 10, 2020.

The anticipated closing date was March 31, 2020; however, on March 24, 2020, Hancock Whitney advised Mr. Cucchiara that it would not have the appraisal completed in time to prepare the loan documents for the March 31 closing. Slidell Storage's real estate agent, Sharon Kochera, contacted Keller Williams and requested that the closing date be rescheduled for April 16, 2020. GMMP refused to grant the extension. On March 26, 2020, Mr. Cucchiara executed a Cancellation of Agreement to Buy or Sell and requested that the $2,000.00 deposit be returned to him.

Wayne Setliff, the managing broker of Keller Williams, instituted this concursus action on June 23, 2020, to adjudicate the ownership of the $2,000.00 deposit made by Mr. Cucchiara. Mr. Setliff named as defendants Mr. Cucchiara and the GMMP partners—Dennis Good, Carlo Maniglia, and Dr. Nicholas Milazo.

Mr. Cucchiara filed an answer to the petition for concursus, wherein he stated that he did not wish to incur additional legal fees and costs related to the concursus action. Mr. Cucchiara stated that he believed the $2,000.00 deposit belonged to GMMP. Mr. Cucchiara attached an unsigned "consent judgment" to his answer, which stated that he consented to the entry of judgment in favor of the GMMP partners—Mr. Good, Mr. Maniglia, and Dr. Milazo.

Mr. Good answered the petition for concursus, wherein he stated that Mr. Cucchiara was not entitled to the $2,000.00, which he argued belonged to GMMP. Additionally, Mr. Good raised cross-claims against Mr. Cucchiara and Sharon Kochera, Slidell Storage's real estate agent. Mr. Good alleged breach of contract, arguing that Mr. Cucchiara failed to make a good faith effort to obtain financing and complete the sale, resulting in GMMP's property being off the market for a considerable amount of time, which prevented the property from being sold to another buyer. Mr. Good further alleged that Mr. Cucchiara and Ms. Kochera

3

made misrepresentations regarding the ability of Slidell Storage to timely obtain an appraisal and loan, which caused Mr. Good to incur expenses and attorney fees, as well as suffer mental anguish and anxiety. Mr. Good also raised a claim of unfair trade practices under La. R.S. 51:1401, et seq. Mr. Good sought specific performance of the purchase agreement, or alternatively, liquidated damages as specified in the contract as 10% of the purchase price; damages; attorney fees; costs; reimbursement; and legal interest.

Thereafter, Mr. Cucchiara filed a peremptory exception raising the objections of no right of action and no cause of action in response to Mr. Good's cross-claim.[1] First, Mr. Cucchiara argued that Mr. Good had no cause of action to assert a cross-claim against Mr. Cucchiara because the contract was not made with Mr. Cucchiara—the purchaser named in the contract was Slidell Storage, not Mr. Cucchiara. (At the hearing on the exception, Mr. Cucchiara withdrew this objection.). Second, Mr. Cucchiara argued that Mr. Good had no right of action to pursue a cross-claim on behalf of GMMP. He claimed that Mr. Good did not have the authority to seek damages on behalf of GMMP, who was a party to the contract with Mr. Cucchiara.[2] Third, Mr. Cucchiara asserted that Mr. Good had no right of action to raise this unrelated cross-claim in the concursus proceeding.

After a hearing, the trial court sustained the objections filed by Mr. Cucchiara and dismissed Mr. Good's cross-claim against Mr. Cucchiara, without prejudice. The trial court signed a judgment in accordance with its ruling on January 29, 2021. Following a request from Mr. Good, the trial court issued written reasons for its judgment. Therein, the trial court held:

> This court does not need to look any further than the distribution of the funds for this concursus proceeding. Mr. Cucchiara has already filed into the record of this

---

[1] Mr. Good opposed the objections.

[2] Mr. Cucchiara argued that GMMP's partnership agreement required "two partners to take action."

4

matter a consent judgment awarding [GMMP] the funds that were deposited in the registry by Mr. Setliff. Mr. Setliff as the stakeholder is relieved of his liability[;] therefore[,] the concursus proceeding is extinguished. If Mr. Good and one of his partners wish to pursue their claims raised in the cross-claim in this matter, they should file their own lawsuit against the proper party, Slidell Storage Mart, LLC.

Therefore, [Mr.] Cucchiara's Exception of No Right of Action regarding Dennis Good's lack of authority to file a cross claim and Exception of No Cause or No Right of Action regarding Dennis Good bringing his cross-claim action within a concursus proceeding are hereby SUSTAINED and Dennis Good's Cross-Claim for Specific Performance and Damages against defendant, Chuck Cucchiara[,] is dismissed without prejudice.

Mr. Good now appeals.[3]

## APPELLATE JURISDICTION

On August 25, 2021, this Court issued a show cause order, *ex proprio motu*, wherein an examination of the January 29, 2021 judgment on appeal revealed that the judgment appeared to be a partial judgment that dismissed the cross-claim filed by Mr. Good against Mr. Cucchiara, but did not appear to address all claims asserted in the concursus proceeding. We ordered the parties to show cause by briefs why this appeal should not be dismissed. We further remanded this matter for the limited purposes of inviting the trial court to: 1) advise in writing that the judgment at issue does not warrant or need the La. C.C.P. art. 1915(B) designation; 2) sign a judgment with a La. C.C.P. art. 1915(B) designation; and 3) provide a *per curiam* (in the event the trial court supplies the La. C.C.P. art. 1915(B) designation), in which the trial court gives its explicit reasons for its determination that there is no just reason for delay based upon the factors expressed in **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 113, 1122-23. See La. C.C.P. art. 2088(A)(11) (as amended by 2021 La. Acts 259, § 2 (eff. Aug.

---

[3] Mr. Good filed a motion for devolutive appeal on April 15, 2021. The trial court signed an order of appeal on April 20, 2021, notice of which was transmitted by the Clerk of Court on April 27, 2021.

5

1, 2021)).[4]

Thereafter, the trial court supplemented the record with an amended judgment signed on October 11, 2021, which included a La. C.C.P. art. 1915 designation certifying the judgment as final.

Although the trial court designated the judgment as being final and appealable under La. C.C.P. art. 1915(B), that designation is not determinative of this court's jurisdiction. **Van ex rel. White v. Davis**, 2000-0206 (La. App. 1st Cir. 2/16/01), 808 So.2d 478, 480. Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Motorola, Inc. v. Associated Indemnity Corporation**, 2002-0716 (La. App. 1st Cir. 4/30/03), 867 So.2d 715, 717 (*en banc*). If no reasons for the certification are given but some justification is apparent from the record, the appellate court should make a *de novo* determination of whether the certification was proper. **R.J. Messinger, Inc.**, 894 So.2d at 1122.

Historically, our courts have had a policy against multiple appeals and piecemeal litigation. **Capital Management Consultants, Inc. v. Duhon**, 2016-0703 (La. App. 1st Cir. 4/18/17), 227 So.3d 839, 842-43. Article 1915(B) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. **Id.** at 843. Thus, in considering whether a judgment has been properly designated as final and appealable pursuant to Article 1915(B), a trial court must take into account judicial administrative interests as well as the equities involved. **R.J. Messinger, Inc.**, 894 So.2d at 1122; **Templet v. State of Louisiana, Department of Public Safety and Corrections**, 2005-1903 (La. App. 1st Cir. 11/3/06), 951 So.2d 182, 185. Some of the factors a trial court should take into account in

_____

[4] Comments--2021(b) to La. C.C.P. art. 2088 indicate that as of August 1, 2021, subparagraph (A)(11) of Article 2088 allows a trial court to retain jurisdiction after an order of appeal is granted to certify a partial judgment under Article 1915(B) as a final judgment after an appeal has been taken.

6

making an Article 1915(B) certification are the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the trial court; the possibility the reviewing court might be obliged to consider the same issue a second time; and miscellaneous factors such as delay, economic, and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. **R.J. Messinger, Inc.**, 894 So.2d at 1122. However, the overriding inquiry for the trial court is whether there is no just reason for delay. **Id.** at 1122-23. In the present case, the amended judgment that was signed on October 11, 2021, and designated as final does not contain reasons why "there is no just reason for delay." Accordingly, we will make a *de novo* determination of whether the certification was proper. **R.J. Messinger, Inc.**, 894 So.2d at 1122.

The trial court's judgment dismissed Mr. Good's cross-claim against Mr. Cucchiara. The only other claims asserted against Mr. Cucchiara are those by Mr. Setliff in the petition for concursus. In his answer to the petition for concursus, however, Mr. Cucchiara disavowed any claim to the $2,000.00, stating that he believed the funds belong to GMMP. On that basis, there is no possibility of piecemeal appeals. Accordingly, we find that the designation meets the requirements of **R.J. Messinger, Inc.** We maintain the appeal.

## LAW AND DISCUSSION

Concursus proceedings are governed by La. C.C.P. arts. 4651 through 4662. "A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." La. C.C.P. art. 4651; **Glassell Producing Co., Inc. v. Naquin**, 2019-0252 (La. App. 1st Cir. 2/18/20), 296 So.3d 1, 4. A concursus proceeding is simply a proceeding whereby one who admits owing

7

money to others may deposit that money into the registry of the court, thereby relieving himself of the liability for the money so deposited. La. C.C.P. art. 4658; **Jefferson v. State Farm Mut. Auto. Ins. Co.**, 53,849 (La. App. 2nd Cir. 5/26/21), 321 So.3d 520, 524, writ denied, 2021-00886 (La. 10/12/21), 325 So.3d 1073.

A concursus proceeding is neither a summary proceeding nor a substitute for trial on the merits. Concursus cannot be used for the adjudication of claims raised in a main demand.[5] **Jefferson**, 321 So.3d at 524; see also **Landry & Passman Realty, Inc. v. Beadle, Swartwood, Wall & Assocs., Inc.**, 303 So.2d 761, 763 (La. App. 1st Cir. 1974), writ refused, 307 So.2d 631 (La. 1975); **Lent, Inc. v. Lemel Steel Fabricators, Inc.**, 340 So.2d 1035, 1036 (La. App. 1st Cir. 1976), writ denied, 343 So.2d 1075 (La. 1977) ("The concursus procedure should not be tortured into a forced consolidation of all claims[.]"). The primary purpose of the concursus proceeding is to protect the stakeholder from multiple liability, from conflicting claims, and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest. **Cimarex Energy Co. v. Mauboules**, 2009-1170 (La. 4/9/10), 40 So.3d 931, 940; **Allen & Norman, LLC v. Chauvin**, 2004-0519 (La. App. 1st Cir. 6/29/05), 916 So.2d 1071, 1073. The jurisdiction of the court in a concursus proceeding is limited to disposing of funds on deposit and relieving the stakeholder from further liability to the impleaded claimants arising out of or as a result of the stakeholder's ownership or possession of the fund. **Int'l Carriers, Inc. v. Pearl River Navigation, Inc.**, 2014-1189 (La. App. 4th Cir. 4/15/15), 166 So.3d 1114, 1119; **Asian Int'l, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.**, 435 So.2d 1064, 1067 (La. App. 1st Cir. 1983); see also **Landry & Passman Realty, Inc.**, 303 So.2d at 763.

Mr. Good makes numerous allegations in his cross-claim against Mr. Cucchiara; however, those claims involve damages Mr. Good believes Mr.

---

[5] Louisiana Code of Civil Procedure article 4662 provides that "the rules applicable to an ordinary proceeding apply, so far as practicable, to a concursus proceeding."

Cucchiara owes him for alleged breach of contract, bad faith, misrepresentations, and unfair trade practices.[6] In a concursus proceeding, however, the trial court's jurisdiction is limited only to the disbursement of the funds deposited into the registry of the court. See **Int'l Carriers, Inc.**, 166 So.3d at 1119; **Asian Int'l, Ltd.**, 435 So.2d at 1067; **Landry & Passman Realty, Inc.**, 303 So.2d at 763.

While Mr. Cucchiara classified his exception as a 'peremptory exception raising the objection of no right of action,' courts do not take at face value the parties' descriptions of actions in their pleadings. Courts must also look through a pleading's caption, style, and form to determine its substance and to do substantial justice to the parties. **Am. Turbine Tech., Inc. v. Omni Bancshares, Inc.**, 2016-707 (La. App. 5th Cir. 5/31/17), 222 So.3d 189, 196, writ denied, 2017-1103 (La. 11/13/17), 230 So.3d 205 (citing **Metro Riverboat Assocs., Inc. v. Louisiana Gaming Control Bd.**, 2001-0185 (La. 10/16/01), 797 So.2d 656, 660). It is clear from the record on appeal that Mr. Cucchiara was invoking the limited jurisdiction of the trial court in a concursus proceeding over the allegations raised by Mr. Good in his cross-claim, which is a declinatory exception raising the objection of lack of subject matter jurisdiction.[7] On that basis, we find that the trial court did not err in granting the exception raised by Mr. Cucchiara and dismissing Mr. Good's cross-claim against Mr. Cucchiara. The jurisprudence is clear that the trial court's jurisdiction is limited only to the disbursement of the funds deposited into the

---

[6] A cross-claim may be asserted against a co-defendant where the demand arises out of the subject matter or relates to the property that is the subject matter of the original action. See La. C.C.P. arts. 1031 and 1071. While a defendant in concursus may not bring reconventional demands or demands for additional relief against a plaintiff in concursus, defendants in concursus may cross claim against each other, but not make claims extraneous to the subject matter of the proceeding. See **McLean v. Majestic Mortuary Servs., Inc.**, 2011-1166 (La. App. 5th Cir. 5/22/12), 96 So.3d 571, 577.

[7] The declinatory exception raising the objection of lack of subject matter jurisdiction addresses a court's authority to adjudicate the cause of action before it. The exception may be raised at any stage of an action, and may even be raised by the court on its own motion. See La. C.C.P. art. 925; see also **Whittenberg v. Whittenberg**, 97-1424 (La. App. 1st Cir. 4/8/98), 710 So.2d 1157, 1158. Where the exception is raised for the first time on appeal, the appellate court has discretion to consider such exception, because it goes to the core of the validity of the judgment and is not subject to the waiver provisions generally affecting declinatory exceptions. **Kerr-McGee Corp. v. McNamara**, 2000-0770 (La. App. 1st Cir. 6/22/01), 826 So.2d 1, 5.

registry of the court in a concursus proceeding. Thus, the allegations raised in Mr. Good's cross-claim against Mr. Cucchiara are clearly outside the scope of the trial court's jurisdiction.[8]

---

[8] We make no pronouncement as to whether Mr. Cucchiara's filing of an exception was the proper procedural device to achieve the dismissal of the cross-claim. See, e.g., **Lestelle & Lestelle v. Campo Music Shopping Center Condominium Association**, 2021-0077 (La. App. 4th Cir. 3/23/21), 315 So.3d 331. In that case, Campo Music Shopping Center Condo Association sustained damages in Hurricane Katrina. Campo filed a claim with its insurer; however, the amounts received were insufficient to repair damages. Campo entered into a contract with Stan Pore d/b/a Gulf Coast Claim Recovery (GCCR) to assist in its insurance claim. The contract provided for a contingency fee and specified that GCCR could assign its rights at its sole discretion. GCCR claimed that Mr. Pore assigned its rights under the contract to GCCR. Campo hired a law firm (Lestelle & Lestelle) to sue its insurer; the claim settled. Lestelle & Lestelle then instituted a concursus proceeding, claiming that Campo and GCCR were each asserting entitlement to $91,000 of settlement proceeds. GCCR filed an answer to the petition for concursus, claiming that it was entitled to the proceeds via the assignment contained in the contract. Campo filed an answer and exceptions, as well as a cross-claim and a reconventional demand against GCCR, asserting several defenses to GCCR's claim to the proceeds. GCCR filed exceptions, defenses, and an answer to Campo's reconventional demand and cross-claim. **Id.** at 333.

Campo then filed an exception of no right of action, claiming that GCCR lacked proof of the assignment of the contract from Mr. Pore to GCCR. The trial court ultimately sustained the exception. **Id.** at 333-34. On appeal, the Third Circuit reversed the trial court's judgment and rendered judgment denying the exception:

> [W]hile the defendant in a concursus is considered both a plaintiff and a defendant, there is nothing to support the argument that the exception was filed in response to [GCCR's] position as a plaintiff. As was done in this case, parties named as defendants in concursus proceedings file answers to the petition in the concursus proceeding. At a hearing on the merits, each "defendant" would then argue entitlement to the proceeds. Therefore, each defendant is also considered a plaintiff in relation to the other defendants in the proceeding.
>
> This transforms the answer of each defendant into its own petition or incidental action to which a party could properly file an exception. La. C.C.P. art. 4656 specifies, however, that no exception may be filed to the answer of a defendant. Comment (C) to La. C.C.P. art. 4656 notes that "[n]othing in the above article prevents a defendant from excepting to the plaintiff's petition, to raise the objections of lack of jurisdiction, improper venue, no right to implead the defendants, and so forth." Accordingly, La. C.C.P. art. 4656 limits the filing of exceptions in this instance, only allowing them to be filed in response to the petition to institute the concursus proceeding. Here, [Campo] filed an answer to the petition to institute the concursus proceeding, asserting defenses to [GCCR's] entitlement to the settlement proceeds. Thereafter, [Campo] filed an exception of no right of action to [GCCR's] answer wherein [GCCR] asserted its entitlement to the proceeds. Thus, [Campo's] argument that it filed the exception of no right of action in response to [GCCR's] status as a plaintiff is not supported by La. C.C.P. art. 4656 or by the record. Instead, [Campo's] exception of no right of action to [GCCR's] answer is prohibited by the plain wording of La. C.C.P. art. 4656. Accordingly, we find that the trial court erred in granting [Campo's] exception of no cause of action. We reverse the trial court's judgment and render judgment denying the exception of no cause of action.

**Id.** at 335-36.

**DECREE**

We affirm the trial court's October 11, 2021 judgment. All costs of this appeal are assessed to the defendant/cross-plaintiff, Dennis Good.

**APPEAL MAINTAINED; JUDGMENT AFFIRMED.**